**UNITED STATES BANKRUPTCY COURT DISTRICT OF MINNESOTA**

In re: Jenna Ione Kaltved fka Jenna Ione Thompson, Debtor.

Case No. 26-40537 KAC Chapter 13

Jenna Ione Kaltved, Plaintiff,

v.

AmeriHome Mortgage Company, LLC; ServiceMac, LLC; Federal National Mortgage Association; Mortgage Electronic Registration Systems, Inc.; Cenlar FSB; Onward Financing LLC, Defendants.

Adversary Proceeding No. 26-04027

**RECEIVED**

**MAR 1 7 2026**

**TIME:** _____

**CLERK, U.S. BANKRUPTCY COURT MINNEAPOLIS, MINNESOTA**

**PLAINTIFF'S MOTION TO AMEND ADVERSARY COMPLAINT**

Plaintiff Jenna Ione Kaltved, pro se, respectfully moves this Court for leave to file an Amended Adversary Complaint pursuant to Fed. R. Bankr. P. 7015 (incorporating Fed. R. Civ. P. 15(a)(2)).

1. Plaintiff filed the original Adversary Complaint on March 10, 2026.
2. No answers have been filed by any Defendant.
3. Amendment is proper as a matter of course and in the interest of justice to incorporate additional facts, clarify counts, and include arguments consistent with the ongoing bankruptcy proceedings and related federal action.
4. The proposed Amended Adversary Complaint is attached as Exhibit A.
5. Defendants will suffer no prejudice, as discovery has not yet commenced and the amendment arises from the same transactions and occurrences.

WHEREFORE, Plaintiff respectfully requests that the Court grant leave to file the Amended Adversary Complaint and direct that it be filed as of the date of this motion.

Dated: March 17, 2026

Respectfully submitted,

*Jenna Ione Kaltved*

Jenna Ione Kaltved, Pro Se

**Certificate of Service**

A true copy of this Motion to Amend was served by certified mail, return receipt requested, on all Defendants at their registered agents and corporate addresses. A supplemental Certificate of Service with tracking numbers and return receipts will be filed upon completion of service.

UNITED STATES BANKRUPTCY COURT DISTRICT OF MINNESOTA

In re:

JENNA KALTVED, ,

Debtor.

Case No. 26-40537

JENNA KALTVED,

Plaintiff,

v.

AMERIHOME MORTGAGE COMPANY, LLC; SERVICEMAC, LLC; FEDERAL NATIONAL MORTGAGE ASSOCIATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; CENLAR FSB; ONWARD FINANCING LLC,

Defendants.

Adversary Proceeding No. 26-04027

**AMENDED ADVERSARY COMPLAINT**

Plaintiff Jenna Kaltved, pro se Debtor, complains as follows. This action seeks determination of the validity and extent of liens on property of the estate and related declaratory relief, grounded in public law, statutes at large, codes, and case law verified to fit this Minnesota situation.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334 (Pub. L. 95-598, 92 Stat. 2659 (1978), as amended). This is a core proceeding under 28 U.S.C. § 157(b)(2)(K) (determination of validity, priority, or extent of liens).

2. Venue is proper under 28 U.S.C. § 1409(a) (Pub. L. 95-598, 92 Stat. 2667 (1978), as amended).

**PARTIES**

3. Plaintiff Jenna Kaltved is the Debtor in Case No. 26-40537 and an owner of the real property at 15581 Iodine Street NW, Ramsey, Minnesota 55303 (the "Property").

4. Defendant AmeriHome Mortgage Company, LLC is the servicer of the mortgage loan at issue.

5. Defendant ServiceMac, LLC is a subsequent servicer or transferee.

6. Defendant Cenlar FSB is a subservicer and signer of the power of attorney (Exhibit H).

7. Defendant Federal National Mortgage Association (FNMA) claims to be the investor/owner of the loan.

8. Defendant Mortgage Electronic Registration Systems, Inc. (MERS) acted as nominee for the originator and purported assignee.

9. Defendant Onward Financing LLC is the purported originator of the loan.

**FACTUAL ALLEGATIONS**

10. Debtor executed a promissory note and mortgage related to the Property. The mortgage was purportedly an investment contract securitized into trusts or pools, splitting the note and mortgage under principles verified in case law such as Carpenter v. Longan, 83 U.S. 271 (1872) (note and mortgage inseparable).

11. Debtor made demands for validation, accounting, and proof of person entitled to enforce (PETE) status under UCC § 3-301 (Minn. Stat. § 336.3-301, MN Laws 1992 c. 565 § 1) and accounting under UCC § 9-210 (Minn. Stat. § 336.9-210, MN Laws 1992 c. 565 § 1), including letters dated September 25, 2023 and June 20, 2025, as shown in Exhibits E

and K. These demands were sent via certified mail/return receipt to the known servicers and claimed holders.

12. Defendants have failed to fully respond or provide adequate proof of chain of title, wet-ink original note, allonge(s), endorsements, assignments without breaks, or current PETE status as required under Minnesota law and the UCC. No valid transfer or assignment has been demonstrated to vest enforceable rights in the current claimed holder(s).

13. The mortgage purports to name MERS as nominee for the lender (Onward Financing LLC) and its successors/assignees. However, MERS's role as a "nominee" and electronic registry has been questioned in case law for failing to transfer beneficial interest in the note (see, e.g., Landmark Nat'l Bank v. Kesler, 289 Kan. 528 (2009); Minnesota cases applying similar principles).

14. Upon information and belief, the promissory note was securitized and placed into a trust or mortgage-backed security pool sponsored by or involving FNMA, with servicing rights transferred among entities including AmeriHome and ServiceMac. This process may have separated the note from the mortgage, rendering the mortgage unenforceable under principles that the note and mortgage must travel together (Carpenter v. Longan, 83 U.S. 271 (1872); In re Thomas, 447 B.R. 402 (Bankr. D. Mass. 2011)).

15. The mortgage was purportedly assigned from origination to MERS/Onward, to AmeriHome on October 11, 2023, "purchased" by AmeriHome at sheriff sale on July 1, 2025, then transferred to FNMA later that month (Exhibit F). This assignment has a 22-month gap from prior activity.

16. Onward Financing LLC, the purported originator, was dormant or inactive post-origination and before the October 11, 2023 assignment (Exhibit U). Onward also lacked the proper banking license to fund the loan (Exhibit T), verified from MN Dept. of Commerce public records under Minn. Stat. § 46.041 (Laws 1945 ch. 128 § 1, as amended).

17. The origination lacked consideration advanced by any party (Exhibit S: Closing Disclosure showing "Funds for Borrower $0.00").

18. The Sheriff's Certificate of Sale was recorded as Doc #2442295.004 (Exhibit I).

19. Debtor is current or has proposed cure in the Chapter 13 plan, but disputes the secured claim amount, validity of liens, and standing of any defendant to enforce or foreclose.

20. No defendant has produced evidence satisfying Minn. Stat. § 580.02 (requirements for foreclosure by advertisement) or federal bankruptcy claim allowance standards under 11 U.S.C. § 502.

21. Plaintiff claims the sale is voidable and unenforceable based on the evidence in the exhibits described above.

## COUNT I – DETERMINATION OF SECURED STATUS / LIEN AVOIDANCE (11 U.S.C. §§ 506(a), (d); 11 U.S.C. § 1322(b)(2) if strip-off applicable)

22. Plaintiff realleges prior paragraphs.

23. To the extent any lien is found invalid or wholly unsecured, it should be avoided under § 506(d) or treated as unsecured in the Chapter 13 plan.

**COUNT II – DECLARATORY JUDGMENT (Validity, Priority, and Extent of Liens) (28 U.S.C. § 2201; 11 U.S.C. § 506; Fed. R. Bankr. P. 7001(2) & (9))**

24. Plaintiff realleges paragraphs 1–21.

25. An actual controversy exists regarding the validity, priority, and extent of any purported liens or security interests claimed by Defendants on the Property.

26. Plaintiff is entitled to a declaration that: (a) no defendant holds a valid, enforceable lien; (b) any claimed lien is invalid, void, or avoidable; (c) the mortgage is unenforceable due to separation from the note or lack of standing; and/or (d) the claim is unsecured or limited in amount.

**COUNT III: QUIET TITLE (Minn. Stat. § 559.01; Laws 1963 ch. 753 art. 1 § 559.01, as amended; Fed. R. Bankr. P. 7001(2))**

27. Plaintiff realleges paragraphs 1–26.

28. The claimed interests create a cloud on title; Plaintiff seeks removal and quiet title free of invalid claims. The July 1, 2025 sheriff's sale is voidable and unenforceable due to the defects described above, verified under Minn. Stat. § 559.01 (MN Laws 1963 c. 753 art. 1 § 559.01, as amended 1986 c. 444). Plaintiff seeks quiet title to the Property in her favor, free of any claimed lien or interest by Defendants.

The exhibits filed with the original Adversary Complaint on March 10, 2026, are hereby incorporated by reference as if fully set forth herein. No additional exhibits are attached to this Amended Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

A. Determine the lien's validity/extent under § 506 and avoid if invalid/unsecured;

B. Declare the lien void, sale unenforceable, no enforceable interest;

C. Quiet title in Plaintiff's favor;

D. Award costs and other just relief.

**JURY DEMAND**

Plaintiff demands trial by jury on all triable issues (Fed. R. Bankr. P. 9015; 28 U.S.C. § 157(e),

Pub. L. 98-353, 98 Stat. 340 (1984)).

Dated: March 17, 2026

Respectfully submitted,

_Jenna Kaltved_

Jenna Kaltved, Debtor, Pro Se

**AFFIDAVIT OF JENNA IONE KALTVED**

I, Jenna Ione Kaltved, Affiant, declare under penalty of perjury under the laws of the United
States of America (28 U.S.C. § 1746) that the foregoing is true and correct to the best of my
knowledge.

Executed on March 17, 2026.

_Jenna Ione Kaltved_

Jenna Ione Kaltved, Affiant, Pro Se

**Certificate of Service**

A true copy of this Amended Adversary Complaint and the accompanying Motion to Amend was
served by certified mail, return receipt requested, on all Defendants at their registered agents and
corporate addresses. A supplemental Certificate of Service with tracking numbers and return
receipts will be filed upon completion of service.