## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MINNESOTA

| | | | |
|---|---|---|---|
| In re: | | | |
| Jenna Ione Kaltved | | Debtor | Bky. 26-40537 |
| Jenna Ione Kaltved | v. | Plaintiff | Adv. 26-04027 |
| ServiceMac LLC;<br>AmeriHome Mortgage Company, LLC;<br>Onward Financing LLC;<br>Federal National Mortgage Association; and<br>Mortgage Electronic Registration Systems, Inc. | | Defendants | |

### DEFENDANTS SERVICEMAC, AMERIHOME, FANNIE MAE, AND MERS' MEMORANDUM OF LAW SUPPORTING MOTION TO DISMISS

Defendants ServiceMac, LLC (**ServiceMac**), AmeriHome Mortgage Company, LLC (**AmeriHome**), Federal National Mortgage Association (**Fannie Mae**), and Mortgage Electronic Registration Systems, Inc. (**MERS**), by and through their undersigned attorneys, move for dismissal of plaintiff Jenna Kaltved's (**Kaltved**) claims pursuant to Bankruptcy Rule of Procedure 7012 incorporating Federal Rule of Civil Procedure 12(b)(6). In support thereof, ServiceMac, AmeriHome, Fannie Mae, and MERS (collectively, **defendants**) state as follows:

### I.    INTRODUCTION & SUMMARY

This is the third lawsuit seeking to prevent enforcement of the mortgage Kaltved and her husband Douglas Kaltved (collectively, the **Kaltveds**) voluntarily granted against the property. The instant action is based on the same issues previously decided on the merits in the first lawsuit—whether producing the original "wet-ink" note and demonstrating holder-in-due-course status are required to establish standing to foreclose.

1

It also raises the same causes of action the Kaltveds raise in the second lawsuit, which is currently pending as case number 0:25-cv-04755-NEB-JFD before the U.S. District Court for the District of Minnesota.  The doctrine of *res judicata* bars Kaltved from relitigating all claims raised, or that could have been raised, in the first lawsuit.

## II.   FACTUAL AND PROCEDURAL HISTORIES

### A.   The property and the loan.

On December 28, 2021, the Kaltveds executed a note and mortgage to secure repayment of a $403,750 loan they obtained from Onward Financing, LLC to purchase the property located at 15581 Iodine Street NW, Ramsey, Minnesota 55303.  (Adv. Comp. ¶¶ 3, 9 & ex. S, dkt. 1.)  On October 11, 2023, MERS assigned the mortgage to AmeriHome. (Adv. Comp. ¶ 11 & ex. F.)

### B.   Kaltved demands the original "wet-ink" note.

In September 2023, Kaltved sent AmeriHome "a debt-validation letter demanding the original wet-ink note, GAAP ledgers, and proof of consideration".  (Adv. Comp. ¶ 10 & ex. E.)  AmeriHome confirmed receipt of Kaltved's correspondence by letter dated October 6, 2023, and provided a more substantive response by letter dated November 7, 2023.  (Adv. Comp. ¶ 10 & ex. G.)  The November 7 letter identified Fannie Mae as the owner/investor, AmeriHome as the mortgage servicer, and an itemization of the amounts then due and owing, and also provided copies of the note, mortgage, assignment, and transaction histories.  (Adv. Comp. ¶ 10 & ex. G.)  Kaltved confirmed receipt by letter dated December 1, 2023, stating it is her "understanding that a copy of a contract is not at

2

all evidence that equal consideration was given, nor is it the original that I may need for my inspection." (Adv. Comp. ex. E.)

**C.     The first lawsuit.**

On March 13, 2024, Kaltved sued AmeriHome in the lawsuit styled *Jenna Kaltved v. AmeriHome Mortgage Company, LLC*, assigned case number 02-CV-24-1270, before the tenth judicial district court, Anoka County, Minnesota (**first lawsuit**).[1] She alleges she sent AmeriHome a debt validation demand in September 2023 "request[ing] comprehensive loan and account information, focusing on the origin, ownership, authenticity, and accuracy of the alleged debt". (1st Comp. ¶¶ 8, 10, **ex. 1** hereto.) She claimed AmeriHome's failure to respond satisfactorily "created uncertainty about the true nature of the transaction, including its authenticity, ownership, and the consideration provided" by AmeriHome which "also indicated an inability to establish the loan/debt's validity, rightful ownership, and holder-in-due-course status." (1st Comp. ¶¶ 17-18, **ex. 1**) Among other things, she requested a judgment (1) declaring "the alleged debt is not owed and is unenforceable, (2) ordering AmeriHome to "transfer the certificate of title to the property", and (3) ordering AmeriHome to "relinquish any other rights, liens, or claims over the property". (1st Comp. p. 7, **ex. 1**.)

---

[1] Defendants request this court take judicial notice of the pleadings, orders, and other documents filed in the first lawsuit because they are matters of public record. *See Rued v. Jaykumar Jayswal*, No. 24-CV-1763 (JRT/TNL), 2024 U.S. Dist. LEXIS 242381, at *6 n.3 (D. Minn. 2024) (federal "courts may take judicial notice of public state-court documents.") (citing *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)); *Smith v. Gordon*, No. 24-CV-2714 (JMB/SGE), 2024 U.S. Dist. LEXIS 183430, at *1 n. 1 (D. Minn. Oct. 8, 2024))).

By order dated September 4, 2024, the district court dismissed Kaltved's claims in their entirety, with prejudice.  (State Court Order ("Order"), **ex. 2** hereto.)  The state court's memorandum opinion references Kaltved's demand for the original "wet ink" note as an attempt to proceed "under the exact 'show-me-the-note' reasoning that has been resoundingly rejected by the courts." (Order p. 5, **ex. 2**.)  The order states all of Kaltved's "claims stem from a perceived right to demand information and desire to call into question the debt's validity." (Order p. 5-6, **ex. 2**.)

**D.    Property sold at foreclosure sale.**

On July 1, 2025, the sheriff's office conducted a foreclosure sale and sold the property to AmeriHome for $342,100.00.  (Adv. Comp. ¶ 11 & ex. I.)  On July 24, 2025, AmeriHome assigned the sheriff's certificate of sale to Fannie Mae.  (Adv. Comp. ¶ 11.)

**E.    The Kaltveds' second lawsuit seeks to relitigate same claims as first lawsuit.**

On December 23, 2025, the Kaltveds sued ServiceMac, AmeriHome, Fannie Mae, and MERS, among others, in the lawsuit styled *Douglas Kaltved and Jenna Kaltved v. Brad Wise, et al.*, assigned case number 0:25-cv-04755-NEB-JFD, before the U.S. District Court for the District of Minnesota (**second lawsuit**).[2]  According to the Kaltveds, when they "refused to pay people who couldn't prove they were owed anything, they retaliated by foreclosing and trying to steal our home."  (2nd Comp. p. 1, **ex. 3** hereto.)  The claims in the second lawsuit rely on the same allegations as the first lawsuit—that "Jenna Kaltved

---

[2] Defendants request this court take judicial notice of the pleadings, orders, and other documents filed in the second lawsuit because they are matters of public record. *See Rued*, 2024 U.S. Dist. LEXIS 242381, at *6 n.3 (citing *Stutzka*, 420 F.3d at 760 n. 2) (citing *Eagleboy*, 200 F.3d at 1140); *Smith*, 2024 U.S. Dist. LEXIS 183430, at *1 n. 1)).

sent a debt-validation letter demanding the original wet-ink note" and other documents from AmeriHome in September 2023. (*Compare* 2nd Comp. ¶ 29 & ex. E, *with* 1st Comp. ¶¶ 8, 10.) The Kaltveds acknowledge AmeriHome responded in 2023 identifying Fannie Mae as the investor, but allege it did not "provide the original note, any GAAP ledgers, or proof of consideration." (*Compare* 2nd Comp. ¶ 34 & ex. G, *with* 1st Comp. ¶¶ 12-15.) They contend "AmeriHome lacked authority to foreclose without authorization from [Fannie Mae]—yet no such authorization appears in the county records […] or was provided despite [the Kaltveds'] demands". (*Compare* 2nd Comp. ¶ 34, *with* 1st Comp. ¶¶ 17-19.)

Basing on these allegations, the Kaltveds contend "the entire non-judicial foreclosure process and sheriff's sale are void for lack of standing because no Defendant has ever proven it is the holder of the original promissory note under Minn. Stat. § 336.3-301, nor have they shown they loaned actual funds to [the Kaltveds]." (2nd Comp. ¶ 20, **ex. 3**.) Like the first lawsuit, the Kaltveds seek a judgment "declaring any liens or debts […] are invalid and unenforceable due to failure to provide required documentation." (*Compare* 2nd Comp. p. 25(A), *with* 1st Comp. p. 7(b).) They also seek a judgment quieting title in the property to the Kaltveds, free and clear of all other claims. (*Compare* 2nd Comp. p. 25(B), *with* 1st Comp. p. 7(c-d).)

**F.     Kaltved again seeks to relitigate the same claims in this adversary action.**

On March 10, 2026, Kaltved filed the instant adversary alleging her demands for "validation, accounting, and proof of person entitled to enforce" the note "were ignored or inadequately responded to" and "[t]he origination lacked consideration advanced by any

party". (Adv. Comp. ¶¶ 10, 13.) According to Kaltved, this renders the July 1, 2025, foreclosure sale "voidable and unenforceable". (Adv. Comp. ¶ 15.) She asserts a claim for quiet title and seeks declaratory relief "quiet[ing] title to the Property in her favor, free of any claimed lien or interest by Defendants." (Adv. Comp. ¶ 16.)

### III.   ARGUMENTS & AUTHORITIES

**A.   Applicable legal standard.**

Rule 12(b)(6) authorizes dismissal of a complaint that fails "to state a claim upon which relief can be granted." To survive a motion to dismiss, the allegations of the complaint must establish a plausible right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A formulaic recitation of the elements, because of its conclusory nature, is not entitled to the usual presumption of truth. *Ashcroft*, 556 U.S. at 698. A plaintiff must instead plead facts, and those facts "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555-56. The facts actually pleaded must, on their face, give rise to a plausible claim for relief. *Ashcroft*, 556 U.S. at 678-79. A complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* In deciding a motion to dismiss, the court may consider the allegations of the complaint, exhibits to the complaint, and "materials that are necessarily embraced by the pleadings." *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015).

"[T]he Eighth Circuit has recognized that the affirmative defense of res judicata may be raised in a motion to dismiss, if the applicability of res judicata 'is apparent on the face of the complaint.'" *Magee v. Hamline Univ.*, 1 F.Supp.3d 967, 972 (D. Minn. 2014)

6

(quoting *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763-64 (8th Cir. 2012)).

"In reviewing such a motion, the 'face of the complaint' consists of 'public records and materials embraced by the complaint' including prior court orders and judgments." *Magee*, 1 F.Supp.3d at 972-73 (quoting *C.H. Robinson*, 695 F.3d at 764). Courts may consider a previous dismissal order, because it is part of the public record, in deciding a motion to dismiss under Rule 12(b)(6). *Magee*, 1 F.Supp.3d at 973 (citing *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)).

**B.      The doctrine of *res judicata* bars Kaltved's claims.**

"Res judicata precludes parties from raising subsequent claims in a second action when: '(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privities; (3) there was a final judgment on the merits; (4) the estopped party had a full and fair opportunity to litigate the matter.'" *Brown-Wilbert, Inc. v. Copeland Buhl & Co., P.L.L.P.*, 732 N.W.2d 209, 220 (Minn. 2007) (quoting *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004)) "Res judicata applies equally to claims actually litigated and to claims that could have been litigated in the earlier action." *Brown-Wilbert, Inc.*, 732 N.W.2d at 220 (citing *State v. Joseph*, 636 N.W.2d 322, 327 (Minn. 2001)). "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Magee*, 1 F.Supp.3d at 973 (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)).

"Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." *Magee*, 1 F.Supp.3d at 973 (quoting *Sandy Lake Band of Miss. Chippewa v. United States*, 714 F.3d 1098, 1102 (8th Cir. 2013)

7

(quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984))).

"Claim preclusion, on the other hand, 'operates to preclude a party from relitigating the same cause of action.'" *Magee*, 1 F.Supp.3d at 973 (quoting *Wedow v. City of Kan. City, Mo.*, 442 F.3d 661, 669 (8th Cir. 2006) (citing *Lundquist v. Rice Mem'l Hosp.*, 238 F.3d 975, 977 (8th Cir. 2001))). "Although issue preclusion bars parties from relitigating only those issues 'that were actually litigated and necessary to the outcome of a prior judgment,' the claim preclusion aspect of res judicata 'bars claims that were or could have been litigated in the earlier proceeding'." *Magee*, 1 F.Supp.3d at 973 (internal citations omitted) (quoting *Jefferson Smurfit Corp. v. United States*, 439 F.3d 448, 451 (8th Cir. 2006); *Wedow*, 442 F.3d at 669).

    **1.    Claims based on the same nucleus of operative facts.**

"The Eighth Circuit 'has adopted the position of the Restatement (Second) of Judgments in determining whether two causes of action are the same for res judicata purposes.'" *Magee*, 1 F.Supp.3d at 974 (quoting *Lane v. Peterson*, 899 F.2d 737, 742 (8th Cir. 1990)). "[U]nder this approach a claim is barred by res judicata if it arises out of the same nucleus of operative facts as the prior claim." *Id*. (alteration in original). "Whether the legal theories asserted in the two causes of actions differ is 'relatively insignificant because a litigant cannot attempt to relitigate the same claim under a different legal theory of recovery.'" *Magee*, 1 F.Supp.3d at 974 (quoting *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 674 (8th Cir. 1998)).

The claims in this adversary are based on the same nucleus of operative facts as the first lawsuit (and the second lawsuit)—the note, mortgage, and assignment, and Kaltved's

"perceived right to demand information and desire to call into question the debt's validity."
(Order p. 5-6, **ex. 2**.)   The court in the first lawsuit addressed Kaltved's allegation
AmeriHome "lacks the 'bona fide holder status' that is necessary for a loan servicer to
enforce a debt under a Mortgage and evidenced by a Note." (Order p. 9, **ex. 2**.)  It judicially
noticed MERS' assignment of the mortgage and concluded "AmeriHome Mortgage is a
valid assignee and is the servicer of the Mortgage." (Order p. 9, **ex. 2**.)

Kaltved now wants this Court to adjudicate her request to quiet title and declare the
foreclosure sale invalid basing on defendants' purported failure to demonstrate standing to
enforce the mortgage.   This is the same issue adjudicated in the first lawsuit, and the
doctrine of *res judicata* bars Kaltved from relitigating it in this adversary.

### 2.      The parties are in privity.

"Privity 'expresses the idea that as to certain matters and in certain circumstances
persons who are not parties to an action but who are connected with it in their interests are
affected by the judgment with reference to interests involved in the action, as if they were
parties.'" *Welk v. Fannie Mae*, 561 Fed. App'x 577, 579 (8th Cir. 2014) (quoting *Rucker
v. Schmidt*, 794 N.W.2d 114, 118 (Minn. 2011)).   "Those in privity would include,
according to the Restatement, 'those who control an action although not parties to it; those
whose interests are represented by a party to the action; successors in interest to those
having derivative claims'." *Margo-Kraft Distributors, Inc. v. Minneapolis Gas Co.*, 200
N.W.2d 45, 47 (1972) (quoting Restatement (First) of Judgments § 83 cmt. a (1942)).

ServiceMac, Fannie Mae, and MERS are in privity with AmeriHome, who was the
only defendant formally named in the first lawsuit.   In the first lawsuit, AmeriHome was

9

the assignee of the mortgage.  (Order p. 9, **ex. 2**.)  Similarly, MERS preceded AmeriHome as the original mortgagee named in the mortgage.  (Order p 9, **ex. 2**.)  ServiceMac represented AmeriHome as the mortgage servicer of the debt.  (Adv. Comp. ¶ 5.)  The relationship between Fannie Mae as the equitable owner of the debt, MERS as the original mortgagee, AmeriHome as the assignee of the mortgage, and ServiceMac as the mortgage servicer makes these parties sufficiently aligned to hold them in privity for purposes of *res judicata*.  *See Welk*, 561 Fed. App'x at 579-80 ("Wells Fargo was the legal assignee of the mortgage [… acting] on behalf of the true owner of the debt, Fannie Mae, the equitable owner of the mortgage.")

> 3.     **Prior adjudication on the merits.**

The state court's order in the first lawsuit granted AmeriHome's motion to dismiss the complaint "for failing to state a claim on which relief can be granted" and dismissed Kaltved's claims with prejudice.  (Order p. 1, **ex. 2**.)  A dismissal for failure to state a claim upon which relief can be granted is an "adjudication [] on the merits under Minnesota law." *Hintz v. JPMorgan Chase Bank, N.A.*, 686 F.3d 505, 509 (8th Cir. 2012) (citing Minn. R. Civ. P. 41.02(a), (c)).

> 4.     **Prior opportunity to litigate claims.**

"The question of whether a party had a full and fair opportunity to litigate a matter generally focuses on whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties." *Anderson v.*

*City of St. Paul*, 849 F.3d 773, 779 (8th Cir. 2017) (quoting *Joseph*, 636 N.W.2d at 328).

There were no limitations on Kaltved's ability to litigate the claims in the first lawsuit.

## IV.    PRAYER

Wherefore, premises considered, ServiceMac, AmeriHome, Fannie Mae, and MERS request this court dismiss Kaltved's claims with prejudice and grant them any and all further relief to which they are entitled.

Respectfully submitted,

Dated:  April 9, 2026                              HINSHAW & CULBERTSON LLP


By:    s/Annie Santos
          M. Annie Santos, Reg. No. 0389206
          250 Nicollet Mall, Suite 1150
          Minneapolis, MN  55401
          Telephone:  612-333-3434
          Fax:  612-334-8888
          asantos@hinshawlaw.com

          ATTORNEYS FOR SERVICEMAC,
          AMERIHOME, FANNIE MAE, AND MERS

11