UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

In re: Jenna Ione Kaltved fka Jenna Ione Thompson, Debtor

Case No. 26-40537  KAC Chapter 13

Jenna Ione Kaltved,

Plaintiff,

v.

AMERIHOME MORTGAGE COMPANY, LLC et al.,

Defendants.

Adversary Proceeding No. 26-04027

RECEIVED

APR 2 8 2026
TIME: 4:27
CLERK, U.S. BANKRUPTCY COURT
MINNEAPOLIS, MINNESOTA

**PLAINTIFF'S EXPEDITED MOTION FOR TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION, AND STAY OF EVICTION**

Plaintiff Jenna Ione Kaltved, pro se, respectfully moves this Court for a Temporary Restraining

Order and Preliminary Injunction under Fed. R. Bankr. P. 7065 and Fed. R. Civ. P. 65, enjoining

Defendants from proceeding with the June 12, 2026 eviction and enforcement of the sheriff's

certificate.

This motion is based on the attached Memorandum, Plaintiff's Verified Complaint, the

Declaration of Jenna Ione Kaltved filed herewith, and all files and records in this case.

Plaintiff has a parallel motion for temporary restraining order and preliminary injunctive relief

pending in the United States District Court for the District of Minnesota (hearing scheduled for

May 18, 2026). Plaintiff respectfully requests that this Court coordinate with the District Court as

appropriate to preserve the status quo and avoid conflicting orders.

**Request for Expedited Hearing**

Plaintiff requests an expedited hearing before June 12, 2026 due to the imminent eviction of

Plaintiff from her home.

Dated: April 28, 2026

Jenna Ione Kaltved, Pro Se Plaintiff

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

In re: Jenna Ione Kaltved fka Jenna Ione Thompson, Debtor

Case No. 26-40537  KAC Chapter 13

Jenna Ione Kaltved,

Plaintiff,

v.

AMERIHOME MORTGAGE COMPANY, LLC et al.,

Defendants.

Adversary Proceeding No. 26-04027

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

**Introduction**

Plaintiff Jenna Ione Kaltved, pro se Debtor, respectfully moves this Court pursuant to Fed. R. Bankr. P. 7065 (incorporating Fed. R. Civ. P. 65) and 11 U.S.C. § 105(a) for a temporary restraining order and preliminary injunctive relief enjoining the imminent June 12, 2026 eviction from her primary residence at 15581 Iodine Street NW, Ramsey, Minnesota 55303, and preserving the status quo pending resolution of the merits of this core adversary proceeding.

Plaintiff filed an action in the United States District Court for the District of Minnesota on December 22, 2025 asserting claims for wrongful foreclosure and quiet title, among other counts, and requesting temporary restraining order, preliminary injunctive relief, and tolling of any

redemption period (hearing scheduled for May 18, 2026). Plaintiff thereafter filed this Chapter 13 bankruptcy case to protect property of the estate.

Plaintiff now seeks preliminary injunctive relief in this core adversary proceeding and respectfully requests that this Court coordinate with the District Court as appropriate to preserve the status quo pending resolution of the merits.

**Statement of Facts**

Plaintiff is the owner and Debtor in possession of the real property located at 15581 Iodine Street NW, Ramsey, Minnesota 55303 (the "Property"). On July 1, 2025, Defendants conducted a foreclosure sale of the Property by advertisement. A Sheriff's Certificate of Sale was recorded, creating a cloud on title. An unlawful detainer action is now pending in Anoka County District Court with a scheduled move-out date of June 12, 2026.

Plaintiff continues to dispute the validity of the claimed default, the standing of any defendant to foreclose, and the secured claim in its entirety. She contends the July 1, 2025 sale failed to strictly comply with Minn. Stat. § 580.02.

The well-pleaded factual allegations in Plaintiff's Verified Amended Adversary Complaint, including all exhibits thereto, are incorporated by reference as if fully set forth herein.

**Procedural History**

In 2024, Plaintiff filed a debt validation action in Anoka County District Court against AmeriHome Mortgage Company, LLC. That action sought verification and validation of the alleged debt, full accounting and disclosure of the loan transaction, and related declaratory relief

regarding the validity and enforceability of the loan. The case was dismissed on jurisdictional and standing grounds because no foreclosure sale had yet occurred and the alleged injuries were deemed too speculative at that time. (2024 Anoka County Order, p. 6).

On July 1, 2025, Defendants conducted the foreclosure sale at issue. On December 22, 2025, Plaintiff filed the federal action described above. When an eviction hearing was scheduled for February 18, 2026 and the federal motion had not yet been heard, Plaintiff filed this Chapter 13 bankruptcy case to protect property of the estate. Plaintiff filed the Adversary Complaint on March 10, 2026 and the Amended Adversary Complaint on March 17, 2026, seeking determination of the validity and extent of liens on property of the estate.

On April 3, 2026, this Court granted relief from the automatic stay, which allowed the state-court eviction proceedings to continue. At the April 22, 2026 reconsideration hearing, the Court noted that no preliminary injunction motion had been filed in that proceeding. The state-court eviction hearing resulted in a writ of recovery with enforcement stayed until June 12, 2026, specifically "to allow Defendant Kaltved to pursue injunctive relief in her other cases."

**Likelihood of Success on the Merits**

Plaintiff has raised sufficiently serious questions going to the merits to make them a fair ground for litigation under the *Dataphase* flexible standard.

The core issue is whether Defendants strictly complied with Minn. Stat. § 580.02 when they conducted the July 1, 2025 foreclosure sale by advertisement. Minnesota law requires **strict compliance** with the foreclosure-by-advertisement statutes. Failure to strictly comply renders the foreclosure sale void. *Ruiz v. 1st Fid. Loan Servicing, LLC*, 829 N.W.2d 53, 57 (Minn. 2013).

Defendants assert in their pending Motions to Dismiss that this action is barred by res judicata from the 2024 Anoka County dismissal. That position is incorrect for multiple independent reasons.

The 2024 Anoka County dismissal was jurisdictional only. The state court's own heading was "II. Plaintiff's Standing and Availability of Relief for the Causes of Action Stated in the Complaint." The order stated the claims "hinge on whether [Plaintiff] has standing to bring this action" because no foreclosure sale had yet occurred. (2024 Anoka County Order, p. 4).

As the Minnesota Court of Appeals has held, "res judicata will not be applicable if in fact the decision … was based on lack of standing." *Sundberg v. Abbott*, 423 N.W.2d 686, 688 (Minn. Ct. App. 1988). Under Minn. R. Civ. P. 41.02(c): "Unless the court specifies otherwise in its order, a dismissal pursuant to this rule and any dismissal not provided for in this rule or in Rule 41.01, **other than a dismissal for lack of jurisdiction**, for forum non conveniens, or for failure to join a party indispensable pursuant to Rule 19, operates as an adjudication upon the merits."

The current claims arise from new operative facts and injuries that first materialized on the July 1, 2025 sheriff's sale — more than 16 months after the 2024 lawsuit was filed and more than 10 months after it was dismissed. These post-sale violations of Minn. Stat. § 580.02 could not have been litigated earlier.

Defendants additionally rely heavily on *Jackson v. Mortgage Electronic Registration Systems, Inc.*, 770 N.W.2d 487 (Minn. 2009). *Jackson* addressed pre-sale challenges to MERS's authority as nominee and general "show-me-the-note" theories. Here, the situation is materially different. Plaintiff raises post-sale defects in strict compliance with Minn. Stat. § 580.02 after the July 1,

2025 foreclosure sale had already occurred. *Jackson* itself recognizes that Chapter 580 must be strictly construed. *Id.* at 490.

The 2024 order was also explicit that Plaintiff's then-alleged injuries were too speculative:

"The extent of the injuries Plaintiff alleges she has suffered are 'potential negative credit consequences,' and the 'Defendant's actions have caused uncertainty of the true nature of the transaction, negatively impacting the Plaintiff.' … These are not cognizable injuries; the alleged harm is too remote and broadly defined … Plaintiff has not demonstrated any real, concrete injury outside of what *might* happen in the future." (2024 Anoka County Order, p. 6).

That situation has now changed. What the 2024 court said "*might* happen in the future" **did in fact happen**. On July 1, 2025, Defendants conducted a foreclosure sale (Amended Adversary Complaint ¶15) that failed to strictly comply with Minn. Stat. § 580.02. No defendant has produced evidence satisfying Minn. Stat. § 580.02 (requirements for foreclosure by advertisement), including the required default (¶20). No valid transfer or assignment has been demonstrated to vest enforceable rights in the current claimed holder(s) (¶12). Plaintiff claims the sale is voidable and unenforceable based on the evidence in the exhibits (¶21). The July 1, 2025 sheriff's sale is voidable and unenforceable due to the defects described above, creating a cloud on title (¶28).

An actual controversy now exists regarding the validity, priority, and extent of any purported liens (¶25). These post-sale violations of Minn. Stat. § 580.02 could not have been litigated earlier.

At this stage of the proceeding, the Court takes the well-pleaded factual allegations in Plaintiff's Verified Amended Adversary Complaint as true. Those allegations establish the defects and that the sale is voidable. Under Minnesota law, failure to strictly comply with § 580.02 renders the foreclosure sale void. Plaintiff therefore has a strong likelihood of success on the merits of her post-sale claims for purposes of preliminary injunctive relief.

**Irreparable Harm**

Plaintiff will suffer immediate and irreparable harm in the absence of preliminary injunctive relief. The core injury is the imminent loss of her primary residence at 15581 Iodine Street NW, Ramsey, Minnesota, through the June 12, 2026 eviction scheduled in the pending Anoka County unlawful detainer action.

As the en banc Eighth Circuit explained in *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981):

"a preliminary injunction should issue upon a clear showing of either (1) probable success on the merits and possible irreparable injury, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting preliminary relief."

"The very nature of the inquiry on petition for preliminary relief militates against a wooden application of the probability test. … In balancing the equities no single factor is determinative. The likelihood that plaintiff ultimately will prevail is meaningless in isolation. In every case, it must be examined in the context of the relative injuries to the parties and the public."

Here, the harm is concrete and imminent. What the 2024 Anoka County order described as injury that "*might* happen in the future" has now materialized into a completed July 1, 2025 foreclosure sale and an imminent eviction. *See* Amended Adversary Complaint ¶¶15, 20–21, 28. Plaintiff continues to dispute the validity of the claimed default, the standing of any defendant to foreclose, and the secured claim in its entirety, yet faces physical removal from the Property in a matter of weeks.

Absent injunctive relief enjoining the eviction and any enforcement of the July 1, 2025 foreclosure sale, Plaintiff will lose possession of her home and suffer disruption to her Chapter 13 reorganization. This is the textbook definition of irreparable harm. Given the strength of this factor and the substantial questions going to the merits, the balance of equities strongly favors preserving the status quo. *Dataphase*, 640 F.2d at 113–14.

**Balance of the Equities**

The balance of the equities tips decidedly in Plaintiff's favor.

If injunctive relief is denied, Plaintiff will be evicted from her home on June 12, 2026 and suffer the permanent loss of possession while this litigation proceeds. By contrast, if the requested injunction is granted, Defendants face only a temporary delay in enforcing a foreclosure sale whose validity Plaintiff has a strong basis to challenge under Minn. Stat. § 580.02. Such temporary delay is minimal compared to the irreparable loss of Plaintiff's home.

As the en banc Eighth Circuit recognized in *Dataphase*, 640 F.2d at 113, "the balance of hardships tipping decidedly toward the party requesting preliminary relief" is a critical consideration. Here, denying the injunction would effectively decide the case in Defendants'

favor before the merits are heard. Granting relief simply maintains the parties' positions pending a decision on the merits.

**Public Interest**

Granting preliminary injunctive relief serves the public interest.

Minnesota has a strong public policy favoring strict compliance with the foreclosure-by-advertisement statutes. The power of sale is a harsh remedy that must be exercised in strict accordance with Minn. Stat. § 580.02. The public has a substantial interest in the integrity of the non-judicial foreclosure process and in protecting homeowners from wrongful foreclosures. Enjoining the eviction and preserving the status quo until this Court can adjudicate the validity of the July 1, 2025 sale directly advances those policies.

**Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the requested temporary restraining order and preliminary injunctive relief.

Dated: April 28, 2026

Respectfully submitted,

*Jenna Ione Kaltved*

Jenna Ione Kaltved, Pro Se Plaintiff

**Exhibits in Support**

- ☐  Exhibit 1: 2024 Anoka County Order (p. 4 & 6)
- ☐  Exhibit 2: Sheriff's Certificate of Sale (first page only, Doc #2442295.004)
- ☐  Exhibit 3: Proposed Order from eviction case (showing June 12 stay language)

*Exhibit 1 page 1*

demanded. *See Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 603 (Minn. 2014). Legal conclusions in a complaint are not binding on the court. See *Hebert v. City of Fifty Lakes*, 744 N.W.2d 226, 235 (Minn. 2008).

Plaintiff, through her Complaint, proceeds under numerous causes of action: breach of the implied covenant of good faith and fair dealing (Count I); breach of implied contract from acquiescence (Count II); lack of consideration (Count III); failure to prove bona fide loss (Count IV); lack of bona fide holder status (Count V); unfair business practice (Count VI); estoppel (Count VII); and removal, release, and revocation of lender's rights, titles, and interest (Count VIII). The question is whether Plaintiff has supplied sufficient facts which, when viewing them in the light most favorable to her, support the relief requested under those claims.

## II.   Plaintiff's Standing and Availability of Relief for the Causes of Action Stated in the Complaint.

The claims forwarded by Plaintiff, while separate, hinge on whether she has standing to bring this action. Any failure on the part of Defendant to provide her with full disclosures or verifications or to respond to and involve her in the transfer of the mortgage, leading to a breach the parties' contract among other things, depends on Plaintiff's nexus to the debt transfer. Plaintiff's allegations are based upon her questioning the validation of the nature of the assignment of the debt between Onward Financing and AmeriHome Mortgage. See Exhibit 1.

A plaintiff may have standing in two ways: "either the plaintiff has suffered some 'injury-in-fact', or the plaintiff is the beneficiary of some legislative enactment granting standing." *Enright v. Lehmann*, 735 N.W.2d 326, 329 (Minn. 2007) (citing *Snyder's Drug Stores, Inc. v. Minn. State Bd. of Pharmacy*, 221 N.W.2d 162, 165 (Minn. 1974)). To demonstrate an "injury-in-fact," the plaintiff must show "a concrete and particularized invasion of a legally protected interest." *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

4

Exhibit 1

page 2

stem from a perceived right to demand information and desire to call into question the debt's validity.

The fact that Plaintiff sent various letters to Defendant seeking information did not legally obligate the latter to provide that information or perform in any other manner. The parties were never in privity of contract as evidenced by Exhibit 1. Plaintiff and Onward Financing, LLC executed the original Mortgage and Note and Defendant is not shown to be signatory to those agreements. The responses given by Defendant communicating current ownership of the Note, while unsatisfactory to Plaintiff, did not amount to any formation of a contract and were not deficient because Defendant was not under a duty to provide anything further.

The extent of the injuries Plaintiff alleges she has suffered are "potential negative credit consequences," and that "Defendant's actions have caused uncertainty of the true nature of the transaction, negatively impacting the Plaintiff." (See Complaint at ¶¶ 33, 39, 45, 51, 57, and 61). These are not cognizable injuries; the alleged harm is too remote and broadly defined. She was not a party to the transfer of the Mortgage and Note. Plaintiff has not demonstrated any real, concrete injury outside of what *might* happen in the future. In the absence of evidence indicating otherwise, Plaintiff may not challenge the transfer and she has not provided the Court with a valid theory of relief in which to proceed.

For these reasons and those listed below, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III.   Plaintiff's Count 1 - Breach of the Implied Covenant of Good Faith and Fair Dealing.

In Minnesota, every contract includes with it an "implied covenant of good faith and fair dealing requiring that one party not 'unjustifiably hinder' the other's party's performance of the contract. *In re Hennepin County 1986 Recycling Bond Litigation*, 540 N.W.2d 494, 502 (Minn.

Exhibit ~~I~~

Exhibit 2

ANOKA COUNTY MINNESOTA
Document No.: 2442295.004 ABSTRACT
07/01/2025 11:11 AM
Fees/Taxes in the Amount of: $46.00
Pamela J. LeBlanc
Anoka County Property Records and Taxation
Property Tax Administrator and
Recorder/Registrar of Titles
Deputy: kziembo
Transfer Entered

## SHERIFF'S CERTIFICATE OF SALE AND FORECLOSURE RECORD

### MORTGAGE DOCUMENT #2351066.002

DRAFTED BY:
Wilford, Geske & Cook, P.A.
7616 Currell Boulevard, Suite 200
Woodbury, MN 55125
FILE NUMBER: 056420-F1

SEND TAX STATEMENTS TO:
AmeriHome Mortgage Company, LLC
9726 Old Bailes Road, Ste 200
Fort Mill, SC 29707
Parcel Number: 23-32-25-11-0020

*Exhibit 3    page 1 of 3*

STATE OF MINNESOTA                           DISTRICT COURT
COUNTY OF ANOKA                          TENTH JUDICIAL DISTRICT

                                            Case Type:  Eviction

Federal National Mortgage Association,        Court File No. 02-CV-26-1047
Plaintiff,                         EVICTION ACTION – FINDINGS OF FACT,
                                        CONCLUSIONS OF LAW,
                                         ORDER AND JUDGMENT
                                          (Minn. Stat § 504B.345)


            vs.

Douglas Kaltved, Jenna Kaltved, John Doe and
Mary Roe,

Defendants.
_____

This case was heard by the undersigned on April 22, 2026.

PLAINTIFF:
___ Appeared in person.               _X_ Represented by Kevin T. Dobie
_X_ Appeared through attorney.
___ Did not appear and is in
     default.


DEFENDANT:
_X_ Appeared in person, Jenna Kaltved, self-represented.     ___ Represented by
___ Appeared through agent.
___ Did not appear and is in
     default.

Defendant has ___ admitted _X_ denied the allegations in the Eviction Action complaint.

### Findings Of Fact And Conclusions Of Law

1. ___ Plaintiff has failed to prove the allegations in the complaint.

2. _X_ COMPLAINT:
     Plaintiff proved the following allegations by a preponderance of the evidence.
     ___ a. Compliance with Minn. Stat § 504B.181.
     _X_ b. A mortgage foreclosure sale occurred, and the redemption period has expired.
          Defendants are holding over the real property after expiration of the
          redemption period. Plaintiff is entitled to possession after the expiration of
          the time for redemption on foreclosure of a mortgage, ~~or after termination
          of contract to convey the property~~ pursuant to Minn. Stat § 504B.285
          Subd.1(1)(ii).
     ___ c. Nonpayment of rent.

Exhibit 3 page 2 of 3

__ d. Other

3. X  DEFENSES:

X  a. Other: Defendant Kaltved asserted a number of defenses, all related to title and her challenge to the foreclosure. The parties also explained that Defendant Kaltved had a injunction/TRO hearing scheduled for May 18, 2026, in the U.S. District Court for the District of Minnesota asserting the same claims and that the defendants in that case had a hearing scheduled for the same time and date on their motion to dismiss the lawsuit for failure to state a claim upon which relief may be granted. Defendant Kaltved argued that she also had a hearing on May 18, 2026, on her motion to toll the redemption period also before the U.S. District Court Judge, and a motion hearing on June 11, 2026, in her adversary lawsuit in the U.S. Bankruptcy Court for the District of Minnesota. Defendant Kaltved also argued that she was entitled to a jury trial under Minn. Stat. § 504B.335.

4. X  After reviewing all of the filings, the records, and the arguments of the parties, the Court determined that:

X  a. Evictions are summary proceedings. Minn. Stat. § 504B.001 subd. 4. Because Defendant Kaltved may not challenge Plaintiff's title or the foreclosure record in this summary eviction proceeding, Plaintiff is entitled to an eviction judgment for present possession pursuant to Minn. Stat. § 504B.285 subd. 1(1)(ii), *AMRESCO Residential Mortg. Corp. v. Stange*, 631 N.W.2d 444, 444 (Minn. Ct. App. 2001), and *Deutsche Bank Nat. Tr. Co. v. Hanson*, 841 N.W.2d 161 (Minn. Ct. App. 2014).

X  b. Although Defendant Kaltved requested a jury trial, there are no issues of fact for trial, whether by the Court or a jury.

X  c. The Writ of Recovery should be stayed until after June 12, 2026, to allow Defendant Kaltved to pursue injunctive relief in her other cases.

## Order

1. ___ The settlement is hereby approved as agreed upon.

2. X  JUDGMENT:
The Court Administrator shall enter judgment for:

X  a. **Plaintiff** for recovery of the premises. The Writ of Recovery of Premises and Order to Vacate shall be:
__ i. issued immediately upon request and payment of fee.
X ii. Stayed until after June 12, 2026.

3. ___ HEARING:
This is scheduled for __court trial __jury trial __ motion hearing on issues of        on           , at      , at the

4. ___ DISCOVERY:
The parties shall provide to each other by [date], the following: a list of witnesses, with phone numbers and addresses, and the subjects about which they will testify, and copies of exhibits (documents, photographs, etc.) to be introduced at trial

*Exhibit 3    page 3 of 3*

Dated: _____          _____
                                Judge of District Court

## JUDGMENT

The above Order constitutes the Judgment of the Court.

Dated: _____          Court Administrator


                                By: _____
                                       Deputy

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MINNESOTA**

In re: Jenna Ione Kaltved fka Jenna Ione Thompson, Debtor

Case No. 26-40537  KAC Chapter 13

Jenna Ione Kaltved,

Plaintiff,

v.

AMERIHOME MORTGAGE COMPANY, LLC et al.,

Defendants.

Adversary Proceeding No. 26-04027

**DECLARATION OF JENNA IONE KALTVED IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

I, Jenna Ione Kaltved, declare under penalty of perjury under the laws of the United States of America (28 U.S.C. § 1746) that the following is true and correct to the best of my knowledge:

1. I am the Plaintiff and Debtor in the above-captioned adversary proceeding and the owner of the property located at 15581 Iodine Street NW, Ramsey, Minnesota 55303.

2. I have personal knowledge of the facts stated in the Plaintiff's Memorandum of Law in Support of Motion for Temporary Restraining Order and Preliminary Injunction filed herewith, and I adopt those facts as true.

3.  The well-pleaded factual allegations in my Verified Amended Adversary Complaint, including all exhibits thereto, are true and correct.

4.  On July 1, 2025, Defendants conducted a foreclosure sale of my home. A Sheriff's Certificate of Sale was recorded, creating a cloud on title.

5.  An eviction from my home is currently scheduled for June 12, 2026. If the eviction proceeds, I will suffer immediate and irreparable harm, including loss of my primary residence, disruption to my Chapter 13 case, and other damages that cannot be adequately compensated by money damages.

6.  I am seeking preliminary injunctive relief in this core proceeding and have a parallel motion pending in the United States District Court for the District of Minnesota.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 28, 2026, at Ramsey, Minnesota.

Jenna Ione Kaltved, Declarant

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MINNESOTA**

In re: Jenna Ione Kaltved fka Jenna Ione Thompson, Debtor

Case No. 26-40537  KAC Chapter 13

Jenna Ione Kaltved,

Plaintiff,

v.

AMERIHOME MORTGAGE COMPANY, LLC et al.,

Defendants.

Adversary Proceeding No. 26-04027

**PROPOSED ORDER GRANTING TEMPORARY RESTRAINING ORDER AND**

**PRELIMINARY INJUNCTION**

This matter came before the Court on Plaintiff's Expedited Motion for Temporary Restraining Order and Preliminary Injunction. The Court, having reviewed the Motion, the supporting Memorandum of Law, the Declaration of Jenna Ione Kaltved, the exhibits, and all files and records in this case, and being otherwise fully advised in the premises, hereby finds and orders as follows:

**IT IS HEREBY ORDERED** that Plaintiff's Motion is GRANTED as follows:

1. Defendants, their agents, servants, employees, and all persons in active concert or participation with them are temporarily enjoined from proceeding with the June 12, 2026 eviction or any other attempt to obtain possession of the Property located at 15581 Iodine Street NW, Ramsey, Minnesota 55303.

2.  Defendants are enjoined from any enforcement of the July 1, 2025 foreclosure sale and

Sheriff's Certificate of Sale pending further order of this Court.

3.  The status quo is preserved pending a final determination of the merits of this adversary

proceeding or further order of this Court.

4.  This Order shall remain in effect until further order of this Court or until the hearing on

the preliminary injunction, whichever occurs first.

**IT IS SO ORDERED.**

Dated: _____

**Hon.** _____

United States Bankruptcy Judge