**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MINNESOTA**

In re: Jenna Ione Kaltved fka Jenna Ione Thompson, Debtor

Case No. 26-40537  KAC Chapter 13

Jenna Ione Kaltved,

Plaintiff,

v.

AMERIHOME MORTGAGE COMPANY, LLC et al.,

Defendants.

**RECEIVED**

APR 2 8 2026
TIME: 4:27
CLERK, U.S. BANKRUPTCY COURT
MINNEAPOLIS, MINNESOTA

Adversary Proceeding No. 26-04027

**PLAINTIFF'S MOTION TO COMPEL RULE 26(f) CONFERENCE**

Plaintiff Jenna Ione Kaltved, pro se, respectfully moves this Court pursuant to Fed. R. Bankr. P. 7026 and Fed. R. Civ. P. 26(f) for an order compelling Defendants to participate in a Rule 26(f) conference.

In support of this Motion, Plaintiff states as follows:

1. This is a core proceeding concerning the validity and extent of liens on property of the estate.

2. Plaintiff filed the Amended Adversary Complaint on March 17, 2026. Defendants have filed Motions to Dismiss.

3. Fed. R. Civ. P. 26(f), made applicable by Fed. R. Bankr. P. 7026, requires the parties to confer **as soon as practicable** — and in any event at least 21 days before a scheduling conference or scheduling order is due under Rule 16(b) — to develop a discovery plan

and address other matters. While early service of discovery requests is permitted, responses are not due until after the conference.

4. Plaintiff served discovery requests on Defendants on March 19, 2026.

5. On April 13, 2026, Attorney M. Annie Santos (counsel for FNMA, MERS, ServiceMac, and AmeriHome) filed an objection in the related federal action stating Defendants would not participate without a court order. (See Exhibit C.)

6. On April 20, 2026, Attorney Shaun Redford (counsel for Onward Financing LLC) served objections to Plaintiff's discovery requests, objecting to Requests for Admission, Requests for Production, and Interrogatories as premature specifically because "the parties have not conferred as required under Federal Rule of Bankruptcy Procedure 7026 and Federal Rule of Civil Procedure 26(f)." (See Exhibit B — Redford Response.)

7. On April 21, 2026, Plaintiff emailed all defense counsel to initiate the Rule 26(f) conference. Attorney Santos responded the same day that the conference was premature. Plaintiff replied on April 23, 2026, citing the applicable rules. Attorney Santos reiterated on April 24, 2026, that Defendants would not participate absent a court order. Attorney Redford did not respond to the conference request until April 27, 2026. (See Exhibit A — Email Chain.)

8. An expedited Rule 26(f) conference is necessary due to the imminent June 12, 2026 eviction and to allow this case to proceed on the merits of Plaintiff's post-sale claims under Minn. Stat. § 580.02 and related authorities.

9. In the alternative, because Defendants have refused to participate in the required Rule 26(f) conference despite Plaintiff's good-faith efforts and have used the absence of the conference as a basis for objecting to Plaintiff's properly served discovery requests,

Plaintiff respectfully requests that the Court enter an order authorizing discovery to proceed immediately pursuant to Fed. R. Civ. P. 26(d)(1) and Fed. R. Bankr. P. 7026. Specifically, Defendants should be compelled to serve full and complete responses to Plaintiff's March 19, 2026 discovery requests (Requests for Admission, Requests for Production, and Interrogatories) within fourteen (14) days of the Court's order, without further objection based on the timing of the Rule 26(f) conference.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an order:

a. Compelling the parties to conduct a Rule 26(f) conference **within seven (7) days** of the date of the order, or at such other time as the Court deems appropriate; and

b. Setting a deadline for submission of a joint discovery plan; **or, in the alternative,**

c. Authorizing discovery to proceed immediately pursuant to Fed. R. Civ. P. 26(d)(1) and Fed. R. Bankr. P. 7026, and compelling Defendants to serve full and complete responses to Plaintiff's March 19, 2026 discovery requests (Requests for Admission, Requests for Production of Documents, and Interrogatories) **within seven (7) days** of the Court's order, or at such other time as the Court deems appropriate, without further objection based on the absence or timing of the Rule 26(f) conference.

Dated: April 28, 2026

Respectfully submitted,

Jenna Ione Kaltved, Pro Se Plaintiff

Exhibit A – Email Chain

Exhibit B – Redford Response

Exhibit C: Attorney Santos' April 13, 2026 Objection to Limited Discovery (page 5)

M Gmail          *Exhibit A*                    Jenna Kaltved <jennaione@gmail.com>

## Rule 26(f) Conference in Kaltved v. Service Mac LLC et al., Adv. Proc. No. 26-04027

5 messages

**Jenna Kaltved** <jennaione@gmail.com>                    Tue, Apr 21, 2026 at 9:21 AM
To: "Santos, M. Annie" <asantos@hinshawlaw.com>, Shaun Redford <shaun@redfordlaw.com>

Counsel,

I am writing to initiate the Rule 26(f) conference in this adversary proceeding.

I realize I served discovery requests prior to holding the required conference. I am now correcting that procedural step.

Please let me know your availability for a short telephone conference or zoom. I am available this Friday at 11:30 a.m. or any time after, or anytime Monday.

Additionally, Attorney Redford, I received your recent mailing regarding the motions to dismiss but I am unable to locate the supporting memorandum in the materials. Could you please resend it? Thank you.

I look forward to your response so we can schedule the conference promptly.

Thank you,
Jenna Kaltved

**Santos, M. Annie** <ASantos@hinshawlaw.com>                    Tue, Apr 21, 2026 at 5:24 PM
To: Jenna Kaltved <jennaione@gmail.com>, Shaun Redford <shaun@redfordlaw.com>
Cc: "Zopelis, Heather" <hzopelis@hinshawlaw.com>

Ms. Kaltved –

Given the pending motions to dismiss in the adversary proceeding, we believe a Rule 26(f) conference is premature.

Best,

**M. Annie Santos** *(she/her/herself)*

Partner

**Hinshaw & Culbertson LLP**

250 Nicollet Mall, Suite 1150, Minneapolis, MN 55401

O: 612-334-2540 | F: 612-334-8888

ASantos@hinshawlaw.com

My Bio | hinshawlaw.com | in f X ⓞ



| | |
|---|---|
| **HINSHAW** | *Proudly*<br>**MANSFIELD RULE**<br>**CERTIFIED** *PLUS* |

[Quoted text hidden]
Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

**Jenna Kaltved** <jennaione@gmail.com>                      Thu, Apr 23, 2026 at 10:58 PM
To: "Santos, M. Annie" <ASantos@hinshawlaw.com>
Cc: Shaun Redford <shaun@redfordlaw.com>, "Zopelis, Heather" <hzopelis@hinshawlaw.com>

Ms. Santos,

Thank you for your response.

A pending motion to dismiss does not excuse the parties from holding the Rule 26(f) conference. See Fed. R. Civ. P. 26(f) (made applicable by Bankr. R. 7026) and the Advisory Committee Notes.

I remain available to conduct the conference at the following times:

- Friday afternoon (3:00 p.m. or later)
- Monday all day
- Tuesday 1:00 p.m. or later

Please let me know which of these works for you so we can complete the required conference promptly.

Thank you,
Jenna Kaltved (Pro Se)

[Quoted text hidden]

**Santos, M. Annie** <ASantos@hinshawlaw.com>                      Fri, Apr 24, 2026 at 2:37 PM
To: Jenna Kaltved <jennaione@gmail.com>
Cc: Shaun Redford <shaun@redfordlaw.com>, "Zopelis, Heather" <hzopelis@hinshawlaw.com>

Ms. Kaltved –

We maintain that a Rule 26(f) conference is not practical at this time. If the Court orders one by setting a Rule 16 conference, we will participate absent leave of court.

[Quoted text hidden]

**Shaun Redford** <shaun@redfordlaw.com>                      Mon, Apr 27, 2026 at 10:25 AM
To: "Santos, M. Annie" <ASantos@hinshawlaw.com>, Jenna Kaltved <jennaione@gmail.com>
Cc: "Zopelis, Heather" <hzopelis@hinshawlaw.com>

Good morning,

My position on the Rule 26(f) conference is the same as Ms. Santos'.

Thanks,

*Exhibit B*

required under the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

5. Defendant objects to Plaintiff's Requests to the extent they seek information which is not within its custody, possession or control and to the extent they seek information already in the custody, possession or control of Plaintiff or is obtainable from some other source that is more convenient, less burdensome, or less expensive. Specifically, and without limiting the foregoing, Defendant objects to Plaintiff's Requests to the extent that they call for information contained in publicly available records.

6. Defendant objects to Plaintiff's Requests to the extent they seek information that is unreasonably cumulative or duplicative.

7. Defendant objects to Plaintiff's Requests as premature pursuant to Federal Rule of Bankruptcy Procedure 7026 and Federal Rule of Civil Procedure 26(d)(1).

8. By responding to Plaintiff's Requests in as complete a manner as possible, subject to these general objections and the particular objections as noted below, Defendant does not in any way waive all applicable objections or the right to file a Motion for a Protective Order.

9. Nothing herein shall be construed as an admission by Defendant as to relevancy or admissibility at trial of any information or document that she may produce in response to the Plaintiff's Requests or any information contained in any of the responses.

10. Defendant further reserves the right to amend these responses as discovery continues.

Without waiving or limiting the foregoing objections, Defendant provides the following responses to Plaintiff's Requests:

### <u>RESPONSE TO REQUEST FOR ADMISSIONS</u>

1. See General Objections herein. Defendant further objects to Request Nos. 1-15 as premature because the parties have not conferred as required under Federal Rule of Bankruptcy Procedure 7026 and Federal Rule of Civil Procedure 26(f).

### <u>RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS</u>

2. See General Objections herein. Defendant further objects to Request Nos. 1-11 as premature because the parties have not conferred as required under Federal Rule of Bankruptcy Procedure 7026 and Federal Rule of Civil Procedure 26(f). Additionally, Defendant asserts that the requests were delivered under Federal Rule

of Bankruptcy Procedure 7026 and Federal Rule of Civil Procedure 26(d), and pursuant to Federal Rule of Bankruptcy Procedure Rule 7034 and Federal Rule of Procedure Rule 34(b)(2)(A), the time to respond is within 30 days of the required Rule 26(f) conference.

## ANSWERS TO INTERROGATORIES

3. See General Objections herein.  Defendant further objects to Interrogatory Nos. 1-5 as premature because the parties have not conferred as required under Federal Rule of Bankruptcy Procedure 7026 and Federal Rule of Civil Procedure 26(f).

**REDFORD LAW PA**

Dated: April 20, 2026

/s/ Shaun Redford
Shaun Redford, #390127
Redford Law PA
7201 Ohms Lane, Suite 210
Edina, MN 55439
shaun@redfordlaw.com
(952) 224-3644
*Attorney for Defendant Onward Financing LLC*

3

*Exhibit C*

that made the basis of their claims in the prior lawsuit reinforces the fact that the prior lawsuit involved the same issues and claims the Kaltveds now seek to relitigate in this lawsuit. The application of *res judicata* is a question of law for the Court to decide, and the documents the Kaltveds seek are irrelevant to that decision.

## C.    Burden and expense of discovery outweigh any benefit.

Discovery must be "proportional to the needs of the case, considering" among other factors, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(d)(1). As demonstrated above, the Kaltveds' requested discovery is irrelevant to the resolution of defendants' pending dismissal motions. Permitting discovery now would needlessly cause defendants to incur unnecessary expense responding to discovery requests on an expedited basis, assuming the motions to dismiss are granted.[1] On the other hand, the Kaltveds would not be prejudiced if discovery were to proceed in the normal course should any of their claims survive dismissal.

## D.    Rule 56 is inapplicable.

The Kaltveds cite Rule 56(d) in support of their request for expedited discovery. (Memo. in supp. at p. 1, dkt. 104-1.) This rule applies when a nonmovant "cannot present facts essential to justify its opposition" to a motion for summary judgment. Fed. R. Civ.

---

[1] The Kaltveds assert any burden of production in this case would be minimal because defendants "have already been required to locate and produce these same categories of documents in the bankruptcy proceeding". (Memo. in supp. at p. 2, dkt. 104-1.) Like the requests in this matter, the Kaltveds' discovery in the bankruptcy adversary proceeding is premature and defendants do not have any obligation to respond absent a court order authorizing expedited discovery.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

In re: Jenna Ione Kaltved fka Jenna Ione Thompson, Debtor

Case No. 26-40537  KAC Chapter 13

Jenna Ione Kaltved,

Plaintiff,

v.

AMERIHOME MORTGAGE COMPANY, LLC et al.,

Defendants.

Adversary Proceeding No. 26-04027

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL RULE 26(f) CONFERENCE OR, IN THE ALTERNATIVE, AUTHORIZING IMMEDIATE DISCOVERY

This matter came before the Court on Plaintiff's Motion to Compel Rule 26(f) Conference.

Based upon the motion, the exhibits, and the record before the Court,

**IT IS HEREBY ORDERED** that:

1. The parties shall conduct a Rule 26(f) conference **within ＿＿ days** of the date of this Order, or at such other time as the Court may direct; **or, in the alternative,**

2. Discovery shall proceed immediately. Defendants shall serve full and complete responses to Plaintiff's March 19, 2026 discovery requests (Requests for Admission, Requests for Production of Documents, and Interrogatories) **within ＿＿ days** of the date of this Order,

or at such other time as the Court may direct, without further objection based on the absence or timing of the Rule 26(f) conference.

**SO ORDERED.**

Dated: _____

**Hon.** _____

United States Bankruptcy Judge