**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

|  |  |
|---|---|
| Jenna Ione Kaltved,<br><br>Plaintiff,<br><br>v.<br><br>Service Mac LLC, AmeriHome Mortgage Co., LLC, Onward Financing LLC, Federal National Mortgage Association, and Mortgage Electronic Registration Systems, Inc.<br><br>Defendants. | Adv. Case No.: 26-04027<br>Bky. Case No. 26-40537<br><br>**DEFENDANT ONWARD FINANCING LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO RATIFY SUBPOENA NUNC PRO TUNC** |

Defendant Onward Financing LLC ("Onward") submits this Memorandum of Law in opposition to Plaintiff's Motion to Ratify Subpoena Nunc Pro Tunc.

## INTRODUCTION

Plaintiff filed this adversary proceeding on March 10, 2026 asserting essentially identical claims that Plaintiff and her spouse brought in a separate Federal Court Lawsuit, case number 0:25-cv-04755-NEB-JFD. The claims in both cases were already litigated and dismissed in a state court lawsuit, Anoka County District Court File No. 02-CV-24-1270. Defendants in the Federal Court Lawsuit, including Onward, have filed motions to dismiss based on res judicata. Defendants in this adversary proceeding have also filed motions to dismiss, also based on res judicata.

Due to the pending motions to dismiss, a Rule 26(f) conference would be premature and therefore has not taken place. Accordingly, no discovery—including subpoenas on non-parties—is permitted. Yet Plaintiff proceeded to improperly sign a subpoena as "Pro Se Plaintiff" and serve it on non-party Partner's Title Co.

1

Plaintiff now seeks to have the Court ratify the subpoena.  Because no Rule 26(f) conference has taken place, this Motion is essentially a motion for expedited discovery. Plaintiff's Motion states that the subpoena is "narrowly tailed, proportional to the needs of the case, and seeks documents directly relevant to the claims in this adversary proceeding".   But the pending Motions herein are based on the legal concept of res judicata and Plaintiff's requested discovery is inappropriate because no amount of discovery or document production is going to create a legal standing in which Plaintiff can prevail in this action.  Accordingly, Plaintiff's Motion should be denied.

## STANDARD OF REVIEW

Rule 7026 of the Federal Rules of Bankruptcy provides that Rule 26 of the Federal Rules of Civil Procedure applies in an adversary proceeding.  Rule 26(d)(1) states that "a party may not seek discovery *from any source* before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosures under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." (Emphasis added.)

Plaintiff's Motion is essentially a motion for expedited discovery.   "In considering a motion for expedited discovery, courts apply one of two standards: either a 'good cause' standard, or one similar to that of a preliminary injunction."  *Council on Am.-Islamic Rels.-Minnesota v. Atlas Aegis, LLC*, 497 F. Supp. 3d 371, 380 (D. Minn. 2020).  "Although the Eighth Circuit has not adopted either formulation, courts within it usually apply the 'good cause' standard."  *Id.* (citations omitted).  "Under the good cause standard, the party seeking expedited discovery must show that the need for expediting,

2

'in consideration of administration of justice, outweighs prejudice to the responding party.'" *Id*. (citations omitted). "Common factors that courts consider include: (1) the existence of a motion for preliminary injunction; (2) the breadth of the request for discovery; (3) the purpose for the request; (4) the burden of compliance; and (5) how far in advance of the usual discovery process the party made the request. *Id.*

## ARGUMENT

### I.   PLAINTIFF'S SUBPOENA IS IMPROPER AT THIS EARLY STAGE OF THE CASE.

Federal Rule of Civil Procedure 26(d)(1) states that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosures under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." The parties have not held a Rule 26(f) conference because it would be premature to do so given the pending motions to dismiss, which are based on the legal sufficiency of the pleaded claims and not on any facts outside the pleadings. This action is not exempt under Rule 26(a)(1)(B). Plaintiff's attempted subpoena at this early stage of the case is inappropriate, and this Motion should be denied.

### II.   PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE PLAINTIFF LACKS GOOD CAUSE TO SEEK EARLY DISCOVERY.

Plaintiff's Motion is seeking ratification of a subpoena that she improperly served on a non-party prior to a Rule 26(f) conference, so this Motion is essentially a motion for expedited discovery. The five "good cause" factors cited above all support denial of Plaintiff's Motion. First, there is no pending motion for a preliminary injunction for

3

which discovery is needed or relevant.  Second, the subpoena is overly broad because it seeks documents that are of no legal significance given the pending motions to dismiss which seek dismissal as a matter of law.  Third, the apparent purpose of the subpoena is to obtain documents related to the transaction that is the subject of this action, the separate Federal Court Lawsuit, and the state court lawsuit.  But the pending motions herein are to be decided as a matter of law based on the sufficiency of the pleaded claims, and not on any documents or facts outside the pleadings.  Fourth, the burden of responding to the discovery requests completely outweighs any benefit of the discovery which is irrelevant and inapplicable to the current pending motions.  Fifth, Plaintiff brought this Motion while this case is still in its infancy and before law-based motions to dismiss have even been heard.  Plaintiff's Motion should be denied.

## CONCLUSION

For the foregoing reasons, Defendant Onward Financing LLC requests that the Court deny Plaintiffs' Motion to Ratify Subpoena Nunc Pro Tunc.

Dated: May 15, 2026                    **REDFORD LAW PA**

 /s/ Shaun Redford
Shaun Redford, #390127
Redford Law PA
7201 Ohms Lane, Suite 210
Edina, MN 55439
shaun@redfordlaw.com
(952) 224-3644
*Attorney for Defendant Onward Financing LLC*

4

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Adv. Case No.: 26-04027 |
| Jenna Ione Kaltved | Bky. Case No. 26-40537 |
| Debtor, | |
| | |
| Jenna Ione Kaltved, | |
| Plaintiff, | |
| | |
| v. | |
| | |
| Service Mac LLC, AmeriHome Mortgage Co., LLC, Onward Financing LLC, Federal National Mortgage Association, and Mortgage Electronic Registration Systems, Inc. | |
| | |
| Defendants. | |

## [PROPOSED] ORDER DENYING PLAINTIFF'S
## MOTION TO RATIFY SUBPOENA NUNC PRO TUNC

This case is before the Court on Plaintiff Jenna Kaltved's Motion to Ratify Subpoena Nunc Pro Tunc.  Based upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Ratify Subpoena Nunc Pro Tunc is **DENIED**.

Dated: _____, 2026

_____
Honorable Katherine A. Constantine
United States District Judge

1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| In re: | Adv. Case No.: 26-04027 |
|---|---|
| Jenna Ione Kaltved | Bky. Case No. 26-40537 |
| Debtor, | |
| | |
| Jenna Ione Kaltved, | |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | **BY MAIL** |
| | |
| Service Mac LLC, AmeriHome Mortgage Co., LLC, Onward Financing LLC, Federal National Mortgage Association, and Mortgage Electronic Registration Systems, Inc. | |
| Defendants. | |

Natalie McCully, of Redford Law PA, being duly sworn, states:

I hereby certify that on May 15, 2026, I served the following:

1. Defendant Onward Financing LLC's Memorandum of Law in Opposition to Plaintiff's Motion to Ratify Subpoena Nunc Pro Tunc; and
2. [Proposed] Order Denying Plaintiff's Motion to Ratify Subpoena Nunc Pro Tunc

upon Plaintiff Jenna Kaltved by placing an exact copy of the document into an envelope addressed to the Plaintiff at the address indicated below:

> Jenna Kaltved
> 15581 Iodine Street NW
> Ramsey, MN 55303

after affixing postage in the appropriate amount and placing the envelopes in the United States Mail at the City of Eden Prairie, Minnesota.

I declare under penalty of perjury that everything I have stated in this document is true and correct.  Minn. Stat. § 358.116.

Dated: <u>May 15, 2026</u>                                         /s/ Natalie McCully
                                                                                    Natalie McCully

Signed in the County of Hennepin
State of Minnesota

1