## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MINNESOTA

In re:
Jenna Ione Kaltved,

        Debtor,

Jenna Ione Kaltved,

        Plaintiff,

v.

ServiceMac LLC, AmeriHome Mortgage
Co., LLC, Onward Financing LLC,
Federal
National Mortgage Association, Mortgage
Electronic Registration Systems, Inc., and
Cenlar FSB

        Defendants.

Adv. Case No.: 26-04027

Bky. Case No. 26-40537

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CENLAR FSB'S MOTION TO DISMISS AMENDED ADVERSARY COMPLAINT

### <u>INTRODUCTION</u>

This action is Plaintiff Jenna Kaltved's third attempt to relitigate claims that have already been decided against her. A Minnesota state court previously dismissed Plaintiff's claims with prejudice, and the United States District Court for the District of Minnesota likewise dismissed these same claims with prejudice on May 18, 2026. This adversary proceeding is Plaintiff's third attempt to obtain relief based on the same operative facts and the same discredited legal theory.

Plaintiff seeks to challenge the validity of her mortgage, the assignment of the loan, and the foreclosure of the lien on the property.  Cenlar was the sub-servicer of the mortgage loan on behalf of AmeriHome (but was no longer the sub-servicer at the time of the foreclosure sale).  Plaintiff's claims against Cenlar FSB ("Cenlar") arise out of the same nucleus of operative facts as the prior actions: Plaintiff's contention that Defendants lacked authority to enforce the mortgage because they failed to produce the original "wet-ink" note.  This "show-me-the-note" theory and debt-validation arguments were advanced—and dismissed with prejudice—in the prior state court lawsuit against AmeriHome Mortgage Company, LLC.

The doctrine of res judicata exists precisely to prevent this kind of serial relitigation.  Under well-settled law, res judicata applies where a prior action involved the same nucleus of operative facts, the same parties or their privities, a final judgment on the merits, and a full and fair opportunity to litigate.  Here, all four elements are satisfied: (1) Plaintiff's current claims arise from the same facts and legal theories as the prior state court action; (2) Cenlar, as the sub-servicer of AmeriHome, is in privity with AmeriHome, the defendant in the prior case; (3) the state court entered a final judgment on the merits, dismissing the claims with prejudice, and more recently, the federal district court dismissed the claims against Cenlar with prejudice based on the doctrine of res judicata; and (4) Plaintiff had every opportunity to present her arguments in those forums.

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted and should be dismissed with prejudice.

## BACKGROUND

### i.    The loan.

This dispute arises out of a residential mortgage loan. On December 28, 2021, Plaintiff Jenna Kaltved and her husband Douglas Kaltved executed a note and mortgage to secure repayment of a $403,750 loan they obtained from Onward Financing, LLC to purchase property located at 15581 Iodine Street NW, Ramsey, Minnesota. (Doc. 4 ("Am. Adv. Compl.") ¶ 10, Exs. B, C.) The mortgage states that Mortgage Electronic Registration Systems, Inc. ("MERS") "is the mortgagee under this Security Instrument." (Am. Adv. Compl. ¶ 13, Ex. C.)

On October 11, 2023, MERS assigned the mortgage to AmeriHome Mortgage Company, LLC ("AmeriHome"). (Am. Adv. Compl. ¶ 15, Ex. F.) Cenlar acted as sub-servicer of the mortgage loan for AmeriHome. (Am. Adv. Compl. ¶¶ 6, 12.)

### ii.    Plaintiff's demand for the "wet-ink" note.

According to the Amended Complaint, Plaintiff made demands for "validation, accounting, and proof of person entitled to enforce (PETE) status," including a letter dated September 25, 2023 demanding the original "wet-ink" note, other documentation, and "proof of consideration." (Am. Adv. Compl. ¶ 11, Ex. E.) On November 7, 2023, AmeriHome responded, identifying Federal National Mortgage Association (Fannie Mae) as the owner/investor, AmeriHome as the mortgage servicer, and an itemization of the amounts due and owing. (Am. Adv. Compl. ¶¶ 11-12, Ex. G.) Additionally, AmeriHome provided copies of the note, mortgage, assignment, and transaction histories. (*Id.*) On December 1, 2023, Jenna Kaltved confirmed receipt in a letter, stating that it is

her "understanding that a copy of a contract is not at all evidence that equal consideration was given, nor is it the original that I may need for my inspection." (Am. Adv. Compl., Ex. E.) This is the theory that forms the basis of Plaintiff's claims in this lawsuit, the prior state court action, and federal district court action.

### iii. The prior state court lawsuit.

On March 13, 2024, Jenna Kaltved filed a lawsuit against AmeriHome in Anoka County District Court: *Kaltved v. AmeriHome Mortgage Company, LLC*, Case Number 02-CV-24-1270.[1] There, she alleged she sent AmeriHome a debt validation demand in September 2023 "request[ing] comprehensive loan and account information, focusing on the origin, ownership, authenticity, and accuracy of the alleged debt." (*See* Ex. 1 (State Ct. Compl.) ¶¶ 8-10, 13, 17-18.) She claimed that AmeriHome "failed to provide full disclosure and verification of the alleged loan," which "created uncertainty about the true nature of the transaction, including its authenticity, ownership, and the consideration provided" by AmeriHome which "also indicated an inability to establish the loan/debt's validity, rightful ownership, and holder-in-due-course status." (*Id.* ¶¶ 17-18.) The Complaint requested judgment declaring "the alleged debt is not owed and is unenforceable and ordering AmeriHome to "transfer the certificate of title to the

---

[1] The Court may take judicial notice of the pleadings, orders, and other documents filed in the prior state court lawsuit, case number 02-CV-24-1270, and the federal district court lawsuit, case number 0:25-cv-04755-NEB-JFD, because they are matters of public record. *See Wagner v. Bierwerth*, No. 25-CV-3444 (LMP/SGE), 2026 WL 446423, at *3 n.2 (D. Minn. Feb. 17, 2026) (courts "may take judicial notice of judicial opinions and public records.") (quoting *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005)).

property" and to "relinquish any other rights, liens, or claims over the property." (*Id.* at 7.)

On September 4, 2024, the state court dismissed all claims with prejudice. (Ex. 2 (Order).) The state court's order explained that all of the claims "stem from a perceived right to demand information and desire to call into question the debt's validity." (*Id.* at 5-6.) The court noted that Plaintiff's demand for the original "wet ink" note and claim that AmeriHome did not verify the validity, origin, and ownership of the debt as an attempt to proceed "under the exact 'show-me-the-note' reasoning that has been resoundingly rejected by the courts." (*Id.* at 5.) The court rejected Plaintiff's theory and dismissed all of the claims with prejudice. (*Id.*)

### iv.    The foreclosure sale.

Following the state court's dismissal, the property was scheduled to be sold at a sheriff's foreclosure sale on July 1, 2025. (Am. Adv. Compl. ¶¶ 18, 21, Ex. I.) In response to notice of the foreclosure, Plaintiff sent ServiceMac a notice dated June 20, 2025, asserting lack of standing to foreclose and demanding zero balance confirmation, lien release, original note, and chain of title. (Am. Adv. Compl. ¶ 11, Ex. K.) ServiceMac responded to the demand, but according to Plaintiff, did not provide the requested documentation to her satisfaction. (Am. Adv. Compl. ¶ 12.) Plaintiff alleges that the response did not provide the requested "validation." (*Id.*)

On July 1, 2025, the sheriff's office sold the property to AmeriHome for $342,100.00 at the foreclosure sale. (Am. Adv. Compl. ¶ 18, Ex. I.) On July 24, 2025,

AmeriHome assigned the sheriff's certificate of sale to Fannie Mae. (Am. Adv. Compl. ¶ 15.)

### v. The federal district court action.

Following the state court's dismissal and the foreclosure, Plaintiff filed a second action in the United States District Court for the District of Minnesota, Case No. 0:25-cv-04755-NEB-JFD, asserting substantially the same claims against Cenlar and the other defendants in this proceeding, among others, based on the same nucleus of operative facts. On May 18, 2026, after briefing and a hearing, the district court dismissed all claims against Cenlar with prejudice on res judicata grounds. The court found: (1) the claims arose from the same nucleus of operative facts as the prior state court action, and that the foreclosure was merely a continuation of the same dispute; and (2) Cenlar was in privity with AmeriHome as its sub-servicer. The district court also denied Plaintiff's motion for leave to amend, finding any amendment would be futile. (*See* Ex. 3 (District Court Dismissal Order).)

### vi. The adversary proceeding.

On March 10, 2026, Plaintiff filed this adversary proceeding in bankruptcy court, asserting the same claims against many of the same defendants. Plaintiff filed an amended complaint on March 17, 2026. (*See* Doc. 4.) Plaintiff claims that Defendants have failed to fully respond or provide adequate proof of chain of title, the wet-ink original note, allonge(s), endorsements, or current "PETE" status, and that no valid transfer or assignment has been demonstrated to vest enforceable rights in the current

6

claimed holders.  (Am. Adv. Compl. ¶ 12.)  Plaintiff claims the foreclosure sale is voidable and unenforceable.  (Am. Adv. Compl. ¶ 21.)

The claims in this action are based on the same allegations that were rejected in the prior state court action and the federal district court action: that Jenna Kaltved sent a debt validation letter demanding the "wet-ink" note, and AmeriHome did not provide the original note or "proof of consideration."  (*Compare* Am. Adv. Compl. ¶¶ 11-12, *with* State Court Compl. ¶¶ 8, 10, 12-15.)  Plaintiff alleges that no defendant has demonstrated standing to enforce the mortgage or produced the original note, and that the sheriff's sale is therefore voidable.  (Am. Adv. Compl. ¶¶ 12, 20-21.)

Based on these allegations, Plaintiff claims that the foreclosure and sheriff's sale are void for lack of standing because no Defendant has proven it is the holder of the original promissory note or has shown it loaned actual funds.  (Am. Adv. Compl. ¶¶ 20-21.)  Just as in the prior state court action and the federal district court action, Plaintiff is seeking a declaration that no defendant holds a valid, enforceable lien and that any claimed lien is invalid, void, or avoidable.  (*Compare* Am. Adv. Compl. Prayer ¶ B, *with* State Court Compl. at 7(b).)  Plaintiff also seeks quiet title to the property in her favor. (*Compare* Am. Adv. Compl. Prayer ¶¶ C-D, *with* State Court Compl. at 7(c-d).)

### STANDARD OF REVIEW

To survive dismissal under Federal Rule of Bankruptcy Procedure 7012, which incorporates Federal Rule of Civil Procedure 12(b)(6), a complaint must allege sufficient facts to state a claim upon which relief can be granted and include allegations that establish a plausible right to relief above the speculative level.  *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A motion to dismiss for failure to state a claim under Rule 7012(b) is evaluated under the same standard as Rule 12(b)(6).

While reasonable inferences must be drawn in favor of the party asserting a claim, legal conclusions presented as factual allegations must be disregarded. *Kelly v. City of Omaha*, 813 F.3d 1070 (8th Cir. 2016); *Iqbal*, 556 U.S. at 678. A plaintiff's factual assertions must "raise a right to relief above the speculative level" and move the claim "across the line from conceivable to plausible." *Yang v. City of Minneapolis*, 607 F. Supp. 3d 880, 889–90 (D. Minn. 2022) (quoting *Twombly*, 550 U.S. at 555). That is, the complaint must allege more than just a "sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Iqbal*, 556 U.S. at 678). A claim is considered facially plausible when the plaintiff provides "factual content" that allows the court to *reasonably* infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Iqbal*, 556 U.S. at 678). On the other hand, if a complaint only alleges facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal citations omitted).

While *pro se* complaints are to be construed liberally, they "still must allege sufficient facts to support the claims advanced." *Knapp v. Wings Credit Union*, No. CV 24-434 (DWF/ECW), 2024 WL 4774537, at *2 (D. Minn. Nov. 8, 2024), *aff'd*, No. 24-3359, 2025 WL 837911 (8th Cir. Mar. 18, 2025). The Court "is under no obligation to repeatedly accept baseless filings." *Id.*

8

While courts primarily consider the allegations in the complaint when determining whether to grant a motion to dismiss, they may take judicial notice of proceedings in other courts if they are relevant. *See Conforti v. United States,* 74 F.3d 838, 840 (8th Cir. 1996) ("We have held that 'federal courts may *sua sponte* take judicial notice of proceedings in other courts if they relate directly to the matters at issue.'") (internal citation omitted); *see also Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (noting that courts may take judicial notice of public records in consideration of a motion to dismiss). The affirmative defense of res judicata may be raised on a motion to dismiss if the applicability of the defense is "apparent on the face of the complaint." *Magee v. Hamline Univ.*, 1 F.Supp.3d 967, 972 (D. Minn. 2014) (quoting *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763-64 (8th Cir. 2012)). The "face of the complaint" may include public records, prior court orders, and judgments embraced by the complaint. *Id.* at 972-73 (quoting *C.H. Robinson*, 695 F.3d at 764).

## ARGUMENT

### I.     Plaintiff's claims are barred by the doctrine of res judicata.

Plaintiff's claims are precluded by the doctrine of res judicata, which bars parties from relitigating claims that were or could have been raised in a prior action involving the same nucleus of operative facts.

The doctrine of res judicata precludes parties from raising subsequent claims in a second action when: (1) the earlier case involved the same set of factual allegations; (2) the earlier case involved the same parties or their privities; (3) there was a final judgment on the merits; (4) the estopped party had a full and fair opportunity to litigate the matter.

9

*Brown-Wilbert, Inc. v. Copeland Buhl & Co., P.L.L.P.*, 732 N.W.2d 209, 220 (Minn. 2007) (quoting *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004)).  "Res judicata applies equally to claims actually litigated and to claims that could have been litigated in the earlier action." *Brown-Wilbert, Inc.*, 732 N.W.2d at 220 (citing *State v. Joseph*, 636 N.W.2d 322, 327 (Minn. 2001)).  "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Magee*, 1 F.Supp.3d at 973 (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)).

Issue preclusion precludes the relitigation of an issue that has already been litigated and decided.  *Magee*, 1 F.Supp.3d at 973 (quoting *Sandy Lake Band of Miss. Chippewa v. United States*, 714 F.3d 1098, 1102 (8th Cir. 2013) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984))).  Claim preclusion precludes a party from relitigating the same cause of action. *Magee*, 1 F.Supp.3d at 973 (quoting *Wedow v. City of Kan. City, Mo.*, 442 F.3d 661, 669 (8th Cir. 2006)).  "Although issue preclusion bars parties from relitigating only those issues 'that were actually litigated and necessary to the outcome of a prior judgment,' the claim preclusion aspect of res judicata 'bars claims that were or could have been litigated in the earlier proceeding'." *Magee*, 1 F.Supp.3d at 973 (internal citations omitted) (quoting *Jefferson Smurfit Corp. v. United States*, 439 F.3d 448, 451 (8th Cir. 2006)).

Here, Plaintiff's adversary complaint is based on the same factual circumstances and legal theories as her prior state court action, which resulted in a final judgment on the merits, and federal district court action, which resulted in the dismissal with prejudice of

10

claims against Cenlar.  All four elements required for claim preclusion are satisfied: (1) the same set of factual allegations underlies both actions; (2) the parties or their privities are the same; (3) there was a final judgment on the merits; and (4) Plaintiff had a full and fair opportunity to litigate her claims.  Accordingly, this action is barred in its entirety and should be dismissed with prejudice.

### A. Plaintiff's claims are based on the same nucleus of operative facts as the prior state court action.

Under the "same cause of action" element of the doctrine of res judicata, "whether a second lawsuit is precluded turns on whether its claims arise out of the 'same nucleus of operative facts as the prior claim.' " *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998) (quoting *United States v. Gurley*, 43 F.3d 1188, 1195 (8th Cir. 1994)).  In other words, the key inquiry is whether the two actions seek redress for the same underlying wrong.  *Roach v. Teamsters Local Union No. 688*, 595 F.2d 446, 449 (8th Cir. 1979) (quoting *Woodbury v. Porter*, 158 F.2d 194, 195 (8th Cir. 1946)).  "Whether the legal theories asserted in the two causes of actions differ is 'relatively insignificant because a litigant cannot attempt to relitigate the same claim under a different legal theory of recovery.'"  *Magee*, 1 F.Supp.3d at 974 (quoting *Costner*, 153 F.3d at 674).

Plaintiff's claims in this action are based on the same nucleus of operative facts as the prior state court action.  Plaintiff's complaint, therefore, must be dismissed.

In all three actions—the prior state court action, the federal district court case, and this adversary proceeding—Plaintiff challenges the validity of the mortgage, the assignment of the loan, and the foreclosure—each premised on the contention that

11

Defendants failed to produce the original "wet-ink" note or other documentation allegedly necessary to enforce the debt. The state court specifically addressed and rejected these arguments, indicating that such "show-me-the-note" theories have been "resoundingly rejected by the courts." (*See* Ex. 2 at 5–6.) The court found that all of Jenna Kaltved's claims "stem from a perceived right to demand information and desire to call into question the debt's validity," and determined that AmeriHome was a "valid assignee and is the servicer of the Mortgage." (*Id.* at 9.) And, the federal district court found that the action was based on the same nucleus of operative fact in dismissing the claims against Cenlar. The district court agreed that the foreclosure sale is merely a continuation of the same dispute and that both cases are based on the same theory that defendants lack authority to enforce the mortgage because they failed to produce the original note.

Despite this prior adjudication, Plaintiff now seeks to relitigate the very same issues—requesting that this Court quiet title and declare the foreclosure sale void based on Defendants' purported failure to demonstrate standing or produce the original note. All three lawsuits are based on the same factual nucleus: Plaintiff's demand for debt validation and "proof of consideration" and Plaintiff's assertion that no defendant has demonstrated standing to enforce the mortgage or produced the original note. (*Compare* Am. Adv. Compl. ¶¶ 11-12, *with* State Court Compl. ¶¶ 8-15, 17-19.) Plaintiff's attempt to repackage her claims as new causes of action in different forums does not alter the fact that the claims arise from the same operative facts and legal theories already adjudicated in the prior actions. *See Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673–74 (8th

12

Cir. 1998) ("A litigant cannot attempt to relitigate the same claim under a different legal theory of recovery.") (quoting *United States v. Gurley,* 43 F.3d 1188, 1195 (8th Cir. 1994)).

Plaintiff may argue that the foreclosure sale constitutes "new facts" that preclude the application of res judicata. (*See* Am. Adv. Compl. ¶¶ 15-16.) However, the allegations in this proceeding are not about a procedural defect with the sale itself. Rather, the claims in this action remain rooted in the same operative nucleus of facts as the prior case: the alleged invalidity of the debt, the demand for the original note, and the challenge to the authority to enforce the mortgage. The state court dismissed with prejudice the claim that AmeriHome lacked standing or failed to provide sufficient documentation to enforce the mortgage. (*See* Ex. 2.) Thus, while the subsequent foreclosure sale may be a "new fact," it is not the basis of Plaintiff's claims nor a new or distinct dispute, but rather a continuation of the same dispute already resolved in state court. The nucleus of operative facts remains the same.

### B. The parties are in privity.

Res judicata, or claim preclusion, bars not only claims actually litigated in a prior action, but also those that could have been litigated, provided the earlier claim involved the same set of factual circumstances, the same parties or their privies, a final judgment on the merits, and a full and fair opportunity to litigate. *See Brown-Wilbert*, 732 N.W.2d at 220 (quoting *Hauschildt v. Beckingham,* 686 N.W.2d 829, 840 (Minn. 2004)). Privies to a judgment are those so connected with the parties in the prior action as to be identified

with them in interest, and consequently to be affected with them by the prior judgment, even if not named as parties. *Margo–Kraft Distribs., Inc. v. Minneapolis Gas Co.*, 294 Minn. 274, 278, 200 N.W.2d 45, 47 (1972) (quoting Restatement (First) of Judgments § 83 cmt. a (1942)).

Courts have held that mortgage servicers and their successors are in privity for preclusion purposes. In *Jaakola v. U.S. Bank Nat'l Trust Ass'n*, 609 F. App'x 877, 880 (8th Cir. 2018), the Eighth Circuit affirmed the district court's grant of a motion to dismiss for failure to state a claim based on res judicata. There, although the defendant was not a party to the prior action, the court found that it was in privity with the parties to the prior action where it obtained its interest in the mortgage by assignment from a party to the prior action and as successor mortgage servicer to another party to the prior action. *Id.* The court concluded that "U.S. Bank's interests with respect to the validity of the mortgage are aligned with those of both MERS and CitiMortgage." *Id.*; *see also Welk v. Fed. Nat. Mortg. Ass'n*, 561 F. App'x 577, 579 (8th Cir. 2014) (holding that the doctrine of claim preclusion barred a mortgagor's suit against a subsequent purchaser to challenge the foreclosure of his home because the mortgagor had participated in an earlier class action challenging foreclosures by national banks and both cases involved the same foreclosure on mortgagor's home).

Here, Cenlar is in privity with AmeriHome. The state court recognized AmeriHome's status as the assignee and servicer of the mortgage (Ex. 2 at 9), and the Amended Complaint here alleges that Cenlar acted in connection with the same mortgage, loan, and foreclosure process that was at issue in the state court litigation.

14

Cenlar acted as the sub-servicer for AmeriHome, handling servicing activities on AmeriHome's behalf.  (*See* Am. Adv. Compl. ¶¶ 6, 11-12.)  Plaintiff's allegations against Cenlar are limited to its role as sub-servicer for AmeriHome and its alleged collection activity in that role.  (*See* Am. Adv. Compl. ¶¶ 6, 12.)  Because Cenlar's role was derivative of AmeriHome's interests and actions—as sub-servicer—it is entitled to the benefit of res judicata.  This alignment of interests, and its alleged involvement with the challenged mortgage and foreclosure, makes the application of res judicata appropriate as to Cenlar.  *See Welk*, 561 F. App'x at 579–80 (finding sufficient privity among mortgage assignees and servicers because of their aligned interests in the enforcement of the debt and foreclosure process).  The federal district court agreed: it applied the doctrine of res judicata to Cenlar as a privy of AmeriHome.

### C.  There was a final judgment on the merits.

There have now been two final judgments on the merits.  First, the state court's dismissal of all of Plaintiff's claims with prejudice for failure to state a claim upon which relief can be granted.  (Ex. 2 at 1.)  Second, the federal district court's dismissal of all claims against Cenlar with prejudice and denying leave to amend as futile.  Under Minnesota law, a dismissal with prejudice for failure to state a claim constitutes a final judgment on the merits for purposes of res judicata.  *Hintz v. JPMorgan Chase Bank, N.A.*, 686 F.3d 505, 509 (8th Cir. 2012) (citing Minn. R. Civ. P. 41.02(a), (c)).  Thus, both judgments directly adjudicated the same claims and same legal theory that Plaintiff now advances in this adversary proceeding.

### D. Plaintiff had a full and fair opportunity to litigate these claims.

"The question of whether a party had a full and fair opportunity to litigate a matter generally focuses on whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties." *Anderson v. City of St. Paul*, 849 F.3d 773, 779 (8th Cir. 2017) (quoting *Joseph*, 636 N.W.2d at 328). Here, there were no limitations or barriers that prevented Plaintiff from fully litigating her claims in the prior state court action or federal district court action. Plaintiff was able to assert all of her claims and theories, and the state court addressed them on the merits. *See Anderson*, 849 F.3d at 779. Plaintiff's dissatisfaction with the outcome does not entitle her to a second bite at the apple.

### II.   Plaintiff's claims are based on a widely rejected theory.

Plaintiff's Amended Complaint independently fails to state a claim even if res judicata did not apply. Plaintiff's claims are premised on the "show-me-the-note" theory, under which a borrower claims that a lender or its agents must produce the original promissory note with a "wet-ink" signature to enforce a mortgage or foreclose. As the state court noted, this theory has been "resoundingly rejected by the courts." (Ex. 2 at 5.)

Courts have consistently held that a borrower does not have a legal right to demand production of the original promissory note or "wet-ink" signature as a prerequisite to foreclosure. As the Minnesota Supreme Court held in *Jackson v. Mortgage Electronic Registration Systems, Inc.*, 770 N.W.2d 487, 500 (Minn. 2009), "any disputes that arise between the mortgagee holding legal title and the assignee of the

16

promissory note holding equitable title do not affect the status of the mortgagor for purposes of foreclosure by advertisement." The court made clear that a mortgagor lacks standing to challenge the foreclosure based on the alleged failure to produce the original note or to prove "holder in due course" status. *See id.*; *see also Stein v. Chase Home Fin., LLC*, 662 F.3d 976, 980 (8th Cir. 2011) (rejecting "show-me-the-note" theory under Minnesota law); *Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1033 (8th Cir. 2012) (same).

Because Plaintiff's claims are based on legal theories that have been universally rejected by both Minnesota and federal courts—and were specifically rejected in the prior state court action—they fail as a matter of law and must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant Cenlar FSB requests that the Court dismiss Plaintiff's claims with prejudice and grant it any further relief to which it is entitled.

Dated this 1st day of June, 2026.

HUSCH BLACKWELL LLP
Attorneys for Defendant Cenlar FSB

By:   s/ Natalia S. Kruse
 Natalia S. Kruse, 0504307
 80 South 8th Street, Suite 4800
 Minneapolis, Minnesota 55402
 612.852.2700
 612.852.2701 (fax)
 Natalia.Kruse@huschblackwell.com