**UNITED STATES BANKRUPTCY COURT DISTRICT OF MINNESOTA**

In re: Jenna Ione Kaltved, Debtor.

Jenna Ione Kaltved, Plaintiff,

v.

ServiceMac LLC, AmeriHome Mortgage Company, LLC, Onward Financing LLC, Federal National Mortgage Association, Mortgage Electronic Registration Systems, Inc., and Cenlar FSB, Defendants.

Adv. Case No. 26-04027 Bky. Case No. 26-40537

RECEIVED

JUN 03 2026

TIME: _____
CLERK, U.S. BANKRUPTCY COURT
MINNEAPOLIS, MINNESOTA

**PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

**INTRODUCTION**

Plaintiff Jenna Ione Kaltved submits this consolidated opposition to the pending motions to dismiss filed by Defendants ServiceMac, AmeriHome, Fannie Mae, MERS, Onward Financing, and Cenlar FSB. This single opposition addresses all three motions for efficiency and to avoid duplicative briefing. Plaintiff incorporates by reference the full record of Anoka County District Court File No. 02-CV-24-1270, including the official July 25, 2024 hearing transcript before the Honorable Jenny Walker Jasper.

**I. THE 2024 STATE COURT ACTION RESOLVED ONLY A NARROW IMPLIED-CONTRACT QUESTION — NOT LIEN VALIDITY OR CHAIN-OF-TITLE DEFECTS**

The doctrine of res judicata bars only claims that were actually litigated and determined, or that were essential to the judgment. Here, the 2024 state court action resolved only the narrow question of whether Plaintiff's debt-validation notice and Defendant's generic 30-day response letter created a binding implied contract.

Defendant AmeriHome's own counsel expressly framed every count in the complaint as derivative of that single overarching theory. At the July 25, 2024 hearing, counsel stated that "Ms. Kaltved's entire claim… is derivative of this overarching theme that there is a binding contract between AmeriHome and Ms. Kaltved for AmeriHome to engage in the specific actions that she supposedly imposed on AmeriHome through this notice." (2024 MTD Hearing Tr. at 5.) Counsel repeatedly referred to the "supposed contract" and "alleged acquiescence." (Id. at 2–5, 7–8.) When the Court pressed counsel on which cause of action Plaintiff was using to seek rescission of the mortgage, counsel answered that it was under the "breach of implied contract" count. (Id. at 7–8.)

The word "note" appears only three times in the entire 14-page transcript and never in a "show-me-the-note" context. Plaintiff's own statements at the hearing confirmed she was not trying to avoid a lawfully owed debt — she was demanding proof that the debt was lawfully owed through full accounting and evidence of equal consideration. (Id. at 12.)

The Court took the matter under advisement and requested proposed orders rather than granting dismissal from the bench. The resulting dismissal with prejudice therefore resolved only the narrow contract-formation question tied to the validation notice. It did not adjudicate whether defects exist in the recorded chain of title for the mortgage or the note, whether the 22-month gap in the MERS assignments affects the validity of the lien, or whether any defendant holds a valid, enforceable lien under 11 U.S.C. §§ 506 and 544.

Defendants' repeated characterization of the 2024 case as a broad "show-me-the-note" adjudication is contradicted by their own counsel's statements on the record at the hearing. That narrow framing controls the preclusive effect of the judgment.

## II. COLLATERAL ESTOPPEL ALSO DOES NOT APPLY

To the extent Defendants argue collateral estoppel (issue preclusion), that doctrine also fails. Collateral estoppel only bars relitigation of issues that were actually litigated and determined and were essential to the prior judgment. *Hauschildt v. Beckingham*, 686 N.W.2d 829, 837 (Minn. 2004).

The July 25, 2024 hearing transcript demonstrates that the only issue actually litigated and decided was whether Plaintiff's debt-validation notice and Defendants' generic response created a binding implied contract. (2024 MTD Hearing Tr. at 2–5, 7–8.) The state court did not actually decide the broader issues of lien validity, chain-of-title defects, the legal effect of the MERS assignment gap, or whether Defendants hold enforceable rights under the note and mortgage.

Because those issues were not actually litigated or essential to the 2024 judgment, collateral estoppel does not bar them now.

## III. RES JUDICATA DOES NOT BAR PLAINTIFF'S CURRENT CLAIMS

Even if the 2024 dismissal had broader effect, it would not bar the claims now before this Court.

First, Plaintiff's current claims arise under different legal theories and statutory authority. In the adversary proceeding, Plaintiff asserts avoidance powers under 11 U.S.C. §§ 544 and 506, seeks to determine the validity, priority, and extent of liens, and requests quiet title and declaratory relief based on the full evidentiary record of recorded assignments, the note-versus-mortgage distinction, and the 22-month gap in the MERS chain of title. None of these issues were litigated or decided in the 2024 action.

Second, the federal district court's May 18, 2026 dismissal of claims against Cenlar rested on the same incomplete record and the same mischaracterization of the 2024 case. That ruling does not bind this Court on bankruptcy-specific claims or on a developed evidentiary record that was never before the prior courts.

Third, the subsequent foreclosure sale and sheriff's certificate assignment to Fannie Mae constitute new facts and new legal consequences that were not before the state court in 2024. While Defendants argue these are merely a "continuation" of the same dispute, the actual claims in this proceeding go to the enforceability of the lien itself under bankruptcy law — issues that could not have been fully litigated in the prior contract-focused action.

Plaintiff had no full and fair opportunity to litigate lien validity, chain-of-title defects, or bankruptcy avoidance claims in the 2024 proceeding. Res judicata therefore does not apply.

## IV. THE AMENDED COMPLAINT STATES PLAUSIBLE CLAIMS FOR RELIEF

Even if res judicata and collateral estoppel did not apply, Plaintiff's Amended Complaint easily satisfies the plausibility standard under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Amended Complaint identifies specific, concrete defects in the **recorded chain of title** for the mortgage, including a 22-month gap in the MERS assignments between Onward Financing and AmeriHome. These defects go directly to whether any Defendant holds a valid, enforceable lien against the property under 11 U.S.C. §§ 506 and 544.

Plaintiff is not asserting a standalone "show-me-the-note" defense or demanding production of an original wet-ink note. Plaintiff is challenging the validity and extent of the claimed lien based

on breaks in the public recording chain — issues that were never litigated or decided in the 2024 state court action. Because the recorded assignments, transfers, and related chain-of-title documents are in Defendants' possession or control, Plaintiff is entitled to discovery to test whether any valid lien exists. Dismissal at the pleading stage would be premature.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motions to Dismiss in their entirety. The July 25, 2024 hearing transcript demonstrates that the 2024 state court action resolved only a narrow implied-contract question and did not adjudicate the validity or enforceability of the lien, defects in the chain of title, or Plaintiff's bankruptcy avoidance claims under 11 U.S.C. §§ 506 and 544. Neither res judicata nor collateral estoppel bars the claims now before this Court. Plaintiff is entitled to proceed with discovery on these issues.

Dated: June 3, 2026

Respectfully submitted,

*Jenna Ione Kaltved*

Jenna Ione Kaltved, Plaintiff Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2026, I caused a true and correct copy of Plaintiff's Consolidated Opposition to Defendants' Motions to Dismiss to be filed with the Clerk of the United States Bankruptcy Court for the District of Minnesota, which will effect electronic service on all registered CM/ECF users, including:

• Annie Santos, Esq. (counsel for ServiceMac LLC, AmeriHome Mortgage Company, LLC, Federal National Mortgage Association, and Mortgage Electronic Registration Systems, Inc.)

• Shaun Redford, Esq. (counsel for Onward Financing LLC)

• Natalia S. Kruse, Esq. (counsel for Cenlar FSB)

I further certify that a true and correct copy of the Declaration of Jenna Ione Kaltved in Support of Plaintiff's Consolidated Opposition to Defendants' Motions to Dismiss (with Exhibit A attached) was filed as a separate document on the same date.

Executed on June 3, 2026, in Ramsey, Minnesota.

Jenna Ione Kaltved, Plaintiff Pro Se