RECEIVED

JUN 03 2026

TIME: _____
CLERK, U.S. BANKRUPTCY COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

In re: Jenna Ione Kaltved, Debtor.

Jenna Ione Kaltved, Plaintiff,

v.

ServiceMac LLC, AmeriHome Mortgage Company, LLC, Onward Financing LLC, Federal National Mortgage Association, Mortgage Electronic Registration Systems, Inc., and Cenlar FSB,

Defendants.

Adv. Case No. 26-04027 Bky. Case No. 26-40537

**DECLARATION OF JENNA IONE KALTVED IN SUPPORT OF PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

I, Jenna Ione Kaltved, declare under penalty of perjury under the laws of the United States of America that the following is true and correct to the best of my knowledge and belief:

1.  I am the Plaintiff in the above-captioned adversary proceeding and am appearing pro se.

2.  On July 25, 2024, I appeared before the Honorable Jenny Walker Jasper in Anoka County District Court, File No. 02-CV-24-1270, for the hearing on Defendant AmeriHome Mortgage Company, LLC's Motion to Dismiss.

3.  I was present for the entire hearing and personally heard the arguments presented by Defendant's counsel, Addison J. Morgan, and the questions posed by the Court.

4.  On June 2, 2026, the official transcript of the July 25, 2024 hearing was filed on the docket in Anoka County District Court File No. 02-CV-24-1270 as Index #28. A true and correct copy of that officially filed transcript is attached hereto as **Exhibit A**.

5. I have reviewed Exhibit A and confirm that it accurately reflects the arguments made at the hearing, including Defendant's counsel's repeated framing of my claims as resting on an alleged implied contract arising from my debt-validation correspondence and the Court's engagement with that framing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 3, 2026, in Ramsey, Minnesota.

Jenna Ione Kaltved Plaintiff, Pro Se

Exhibit A

1

STATE OF MINNESOTA                    DISTRICT COURT

COUNTY OF ANOKA                  TENTH JUDICIAL DISTRICT

- - - - - - - - - - - - - - - - - - - - - - - - - -

Jenna Kaltved,

                    Plaintiff,


                              File No. 02-CV-24-1270

vs.


Amerihome Mortgage Company, LLC,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - -

        The above-entitled matter came duly on for hearing on the 25th day of July, 2024, before the Honorable Jenny Walker Jasper, one of the Judges of the Tenth Judicial District.

                    *    *    *

                    APPEARANCES

                    *    *    *

For the Plaintiff:    Jenna Kaltved, pro se


For the Defendant:    Addison J. Morgan,

                    Attorney at Law



Court Reporter:    Amy Kristina Lizotte

2

P R O C E E D I N G S

THE COURT:  Okay.  Folks, this is 02-CV-24-1270, Jenna Kaltved versus Amerihome Mortgage Company, LLC.  Ms. Kaltved is here representing herself.  Is that true, ma'am?

MS. KALTVED:  Yes.

THE COURT:  And Mr. Morgan is here for Amerihome Mortgage Company, LLC.  Mr. Morgan, this is your motion, so what do you want to indicate?

MR. MORGAN:  Sure.  Thank you, Your Honor.  So I guess I'll begin by really just giving the Court a brief overview kind of the overarching theme of Ms. Kaltved's claims.  And so, Your Honor, her complaint implicates three contracts.  So, first, we have a mortgage that -- and Amerihome's position there on the mortgage is that the Court can take judicial notice of that document.  It is publicly recorded by the county recorder and easily obtainable.

But notwithstanding that issue, Ms. Kaltved signed this mortgage.  And in this mortgage there is a provision that permits the originating creditor, Onward Financing, LLC, to assign its servicing rights under the mortgage and corresponding note to

3

essentially any entity it chooses.  So that is not in dispute right now.  Ms. Kaltved's signature is on that mortgage, so based on that signature, she is bound by the terms of that mortgage.

The second contract we have here, Your Honor, is the contract I just alluded to, so Onward Financing, LLC's assignment of their servicing rights to Amerihome Mortgage Company, LLC, my client and the current servicer of Ms. Kaltved's mortgage. That also is a valid contract, and Amerihome's position is that the Court also take judicial notice of Amerihome's status as the current servicer of that mortgage.

The entity that is responsible for compiling and maintaining the record of, you know, servicers across the nation in its database, Mortgage Electronic Registration Incorporated, or MERS, they have a system that's publicly accessible in which you can type in the mortgage identification number associated with your mortgage, and it will tell you who is the current servicer of your mortgage.  So if the Court were to go along and, you know, engage in the step that I discussed, the Court would find that Amerihome is the current servicer of Ms. Kaltved's mortgage.  That is not in dispute.  And Ms. Kaltved

4

is not a signatory to the assignment of servicing rights, and so she has no standing to contest the validity of that document.

And so now I will move to the third contract, supposed contract, which ultimately is serving as the foundation of Ms. Kaltved's entire claim. Ms. Kaltved at a certain point in time sent a notice to Amerihome requesting it to do several things. For example, Your Honor, as Ms. Kaltved will likely speak to, she asks Amerihome for, you know, an accounting, she's trying to determine whether or not there was equal consideration given in the assignment of servicing this contract, which, Your Honor, she is not a signatory to that contract and she cannot --

MS. KALTVED:  Your Honor, may I object?

THE COURT:  No, you'll get a chance to address what he said in just a minute.

(Court reporter noted audio issues.)

THE COURT:  Go ahead, Mr. Morgan.  I'm sorry.

MR. MORGAN:  No worries.  And so, as I was saying, Ms. Kaltved will likely discuss equal consideration, when she's given a chance to speak, and her argument is that she is looking for an

5

accounting, she wants internal documentation stating that Onward Financing, LLC, provided equal consideration to LoanCare, my client, to obtain the servicing rights, and so she is trying to contest the validity of the contract, in which she is not a signatory to through this argument. And so along with the accounting, as I stated earlier, Ms. Kaltved requested several -- or imposed several requests on Amerihome through this notice, and her belief is that because Amerihome responded to that document stating that, hey, we will respond in 30 days, very generic statement, Your Honor, that supposedly this alleged acquiescence somehow made Amerihome a party to a binding contract.

And so, Your Honor, Ms. Kaltved's entire claim, I'm going to get into the I believe there's four or five causes of action that she actually brings against Amerihome, but they are all derivative of this overarching theme that there is a binding contract between Amerihome and Ms. Kaltved for Amerihome to engage in the specific actions that she supposedly imposed on Amerihome through this notice.

And so we have a cause of action for the breach of the implied covenant of good faith and

6

fair dealing.  Your Honor, that requires an existing contract.  There is no existing contract here, so that claim is invalid.

We have another cause of action for breach of an implied contract.  And here, as I stated earlier, the implied contract is this idea that there's a binding contract between Amerihome and Ms. Kaltved due to the initial notice she sent to them.  But, Your Honor, the necessary ingredients for a binding contract do not exist.  She has not alleged them in the complaint.  And, frankly, Your Honor, if this were to proceed to a notice for summary judgment, there would be no evidence for her to bring to substantiate these claims.  There is no bargain for promises.  There is no mutual assent.  She cannot point to any documentation where Amerihome clearly states, yes, Ms. Kaltved, we will do everything you said in this notice.  She can also not point to any consideration to create a binding contract.

And so, even if you're trying to create an implicit contract, the case law at this point states that you still need to demonstrate or establish that the necessary ingredients for a binding contract actually exist.  And here, Your Honor, they do not.

And so we have another claim or a brought claim where she is basically trying to rescind the mortgage or note or the loan servicing rights assignment contract. And here, Your Honor, as I stated, there are multiple documents in the record that the Court can take judicial notice of, these documents are publicly available, and you will see Amerihome's current status as the mortgage servicer is a very valid and accurate statement.

THE COURT: Let me ask you a quick question here. What's the cause of action that she is utilizing to attempt to rescind the mortgage? What's the cause of action?

MR. MORGAN: Your Honor, I will let Ms. Kaltved provide some color here, but I believe the cause of action is, you know, that the underlying assignment of loan servicing rights is somehow invalid. And, as I stated, you know, she has no standing to attack that agreement. She's not a signatory to it.

THE COURT: Okay. So that's not under breach of contract, that's separate?

MR. MORGAN: Yeah, like I said. Sorry.

THE COURT: You got muted. You're muted, yep.

8

MR. MORGAN:  Sorry about that.

THE COURT:  Okay.

MR. MORGAN:  You were saying, Your Honor?

THE COURT:  I was saying you're indicating that what she wants to do so, you know, that what she wants to do is she wants the Court to rescind the mortgage.  What I'm asking is, under which cause of action?  You know what I'm saying?

MR. MORGAN:  Yes.

THE COURT:  I'm looking for -- part of what you seem to say in your moving papers is that, you know, she doesn't -- she doesn't necessarily, and I can see this, she doesn't necessarily ask for specific damages in some of her causes of action.  So under which cause of action is she asking to rescind the mortgage?

MR. MORGAN:  Got it, got it, Your Honor.  Like I stated earlier, I'm sure Ms. Kaltved will provide more color once she gets a chance to speak, I would assume that she is putting this under the cause of action being breach of implied contract.

THE COURT:  Okay.

MR. MORGAN:  Ultimately, she wants

documentation to attempt to invalidate the assignment of servicing rights.  I believe that's her ultimate goal.

THE COURT:  Okay.  Go ahead.  I'm sorry.

MR. MORGAN:  No worries.  No worries. Happy to clarify.  And so the next cause of action we have here is a cause of action under Minnesota Deceptive Practices Act.  And to be perfectly honest, Your Honor, the complaint doesn't actually contain any specific reference to this statute, but, you know, there were several references of unfair deceptive business practices, and so I went ahead and tried to add this argument here.

And so Amerihome's position is that Ms. Kaltved has failed to state a claim under this statute as well.  Because the DTPA, you know, Your Honor, it typically enumerates, you know, the deceptive trade practices and act that are, you know, prohibited under the statute.  It also has a catch-all provision that specifies similar -- specifies similar conduct but, generally speaking, the DTPA is aimed at, you know, imposing funds on people who confuse consumers with respect to bills and services.

And so Amerihome's position is that plaintiff cannot allege, and she has not alleged, that -- the confusion she's alleging, and she's not, like I said, Your Honor, she's not alleging she's somehow confused by the term of the mortgage. She signed that document. It's publicly available. She's not saying she's confused by the terms of the note. She's not saying she's confused by Amerihome's current status as the servicer of her mortgage. Ultimately, what she is purporting to be confused about is whether or not the assignment of servicing rights, which she is not a signatory to, whether or not there was equal consideration in that contract. And so the DTPA does not cover that type of confusion. It was not created to support Ms. Kaltved's argument on that point.

THE COURT: Okay.

MR. MORGAN: And then the last claim, Your Honor, is a claim of estoppel. And, you know, to be brief, this claim is basically analogous to the claim for implied contract and claim for breach of implied covenant of good faith and fair dealing. She cannot state a claim for estoppel because she cannot point to any definitive promises that Amerihome sent to her. And so based on that alone,

11

she can't prove that she was induced to rely on any promise because no promise exists.  And so the claim failed for that reason.

THE COURT:  Okay.

MR. MORGAN:  And I'll rest, Your Honor.

THE COURT:  Okay.  Ms. Kaltved, what do you want to tell me?

MS. KALTVED:  Good morning, Your Honor. First off, I'd like to just make it known that I am without counsel, not schooled in law and legal procedures, not licensed to practice law, therefore, please construe my thoughts on things liberally.

I'm asking that this Court deny the motion to dismiss.  The standards to survive a dismissal are low, inferences are to be taken as true, therefore, it would be premature to dismiss this as the discovery will help prove what I am alleging. And I will cite some Minnesota case law, under Minnesota Rule of Civil Procedure 12.02, a motion to dismiss should only be granted if the complaint fails to state a claim upon which relief can be granted.  The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of plaintiff.  A complaint will survive a motion to dismiss if it is

possible on any evidence which might be produced, consistent with the plaintiff's theory, to grant the relief demanded, as established in Nelson versus Productive Alternatives and Walsh versus Defendant.

Basically, I'm not trying to avoid any debt that I lawfully owe. It is in question whether I lawfully owe this debt. I have asked for full accounting to make sure that equal consideration was given in this transaction.

THE COURT: Equal consideration between who?

MS. KALTVED: The person that originated the loan or anyone thereafter and myself, was there -- was there equal consideration given in that original contract, and moving forward then anyone else assigned was there equal consideration given.

THE COURT: If you're talking about the original contract or the original, you know, person who took the mortgage, they're not joined in this lawsuit, right? I mean, you've only sued Amerihome.

MS. KALTVED: I'm talking about whoever is collecting money. I don't believe that they have rights to collect if there was not equal consideration given in the contract, so I'm

13

attacking the contract's enforceability because of that.

THE COURT:  Okay.

MS. KALTVED:  And I do believe that when I did the full accounting in discovery we will see if consideration was given, and, therefore, I believe that it would be premature to dismiss this for that reason and supporting case law for Minnesota.

THE COURT:  Okay.  Well, I'll take it under advisement.  I'm going to ask that both parties submit proposed orders to the Court.  And I'll give you -- I would think a week should be sufficient to get that in.  Okay?

MR. MORGAN:  Yes, Your Honor.

THE COURT:  All right.  Thank you very much.

MR. MORGAN:  Thank you, Your Honor.

(Whereupon the proceedings concluded at 9:22 a.m.)

14

REPORTER'S CERTIFICATE

I, Amy Kristina Lizotte, Official Court Reporter in and for the County of Anoka, Tenth Judicial District, State of Minnesota, do hereby certify that the foregoing transcript consisting of 14 pages constitutes a true, complete, and accurate transcript of my stenographic notes taken at the time and place indicated above in the matter of Jenna Kaltved vs. Amerihome Mortgage Company.

Dated this 2nd day of June, 2026.

*Amy Kristina Lizotte*

Amy Kristina Lizotte
Official Court Reporter
Tenth Judicial District
2100 Third Avenue
Anoka, MN 55303