**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MINNESOTA**

In re: Jenna Ione Kaltved,

Debtor.

Jenna Ione Kaltved,

Plaintiff,

v.

ServiceMac LLC, AmeriHome Mortgage Company, LLC, Onward Financing LLC, Federal National Mortgage Association, Mortgage Electronic Registration Systems, Inc., and Cenlar FSB,

Defendants.

**Adv. Case No. 26-04027 Bky. Case No. 26-40537**

RECEIVED

JUN 1 2 2026

TIME: _____
CLERK, U.S. BANKRUPTCY COURT
MINNEAPOLIS, MINNESOTA

## MOTION FOR STAY PENDING APPEAL

Plaintiff Jenna Ione Kaltved, appearing pro se, respectfully moves this Court pursuant to Federal Rule of Bankruptcy Procedure 8007 for a stay of its June 11, 2026 Order granting Defendants' Motions to Dismiss and denying Plaintiff's Motion for Reconsideration and Motion for Stay of Proceedings, pending resolution of Plaintiff's appeal to the Bankruptcy Appellate Panel for the Eighth Circuit.

**In support of this Motion, Plaintiff states as follows:**

1.    On June 11, 2026, this Court granted Defendants' Motions to Dismiss in their entirety and denied Plaintiff's Motion for Reconsideration and Motion for Stay of Proceedings.

2.    Plaintiff has a pending appeal in the United States Court of Appeals for the Eighth Circuit, Case No. 26-2060, arising from the District Court's dismissal of related claims on res judicata grounds. That appeal is active and has been assigned a briefing schedule.

3.    The July 25, 2024 hearing transcript from Anoka County District Court Case No. 02-CV-24-1270 is already part of the record in this adversary proceeding. That transcript demonstrates that defense counsel limited the entire prior case to the narrow question of whether Plaintiff's debt-validation letters created a binding implied contract.

4.    No court has ever reached the merits of whether the July 1, 2025 foreclosure sale was lawfully conducted in compliance with Minnesota Statutes Chapter 580, including proper recording of assignments and proof of authority to foreclose.

5.    Plaintiff faces imminent eviction. The stay of the writ of recovery in the related state court eviction action expires on June 12, 2026. The loss of one's home constitutes irreparable harm that cannot be adequately compensated by monetary damages.

6.    Plaintiff has a strong likelihood of success on appeal. The July 25, 2024 transcript constitutes powerful evidence that the prior state court judgment was narrowly limited in scope. Defendants should not be permitted to expand the preclusive effect of that judgment beyond what their own counsel represented to the court.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order staying the effect of its June 11, 2026 Order pending resolution of the appeal to the Bankruptcy Appellate Panel, or alternatively, expediting consideration of this Motion and granting such other relief as the Court deems just and proper.

Dated: June 12, 2026

Respectfully submitted,

_____
Jenna Ione Kaltved, Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2026, I caused a true and correct copy of the foregoing **Motion for Stay Pending Appeal** to be served on all parties of record via the Court's CM/ECF system as follows:

**Counsel for Servicemac LLC, AmeriHome Mortgage Company, LLC, Fannie Mae, and Mortgage Electronic Registration Systems, Inc.:**
M. Annie Santos, Esq. Hinshaw & Culbertson LLP
asantos@hinshawlaw.com

**Counsel for Onward Financing, LLC:**
Shaun Redford, Esq. Redford Law
shaun@redfordlaw.com

**Counsel for Cenlar FSB:**
Natalia Kruse, Esq. Husch Blackwell LLP
natalia.kruse@huschblackwell.com

I further certify that a copy was served on the Office of the United States Trustee via CM/ECF.

Date: June 12, 2026

Jenna Ione Kaltved