RECEIVED

JUN 1 2 2026

TIME: _8:45_

CLERK, U.S. BANKRUPTCY COURT
MINNEAPOLIS, MINNESOTA

**UNITED STATES BANKRUPTCY**

**APPELLATE PANEL**

**FOR THE EIGHTH CIRCUIT**

In re: JENNA IONE KALTVED, Debtor.

JENNA IONE KALTVED, Plaintiff/Appellant,

v.

SERVICEMAC LLC, et al., Defendants/Appellees.

**Adv. No. 26-04027 Bky. No. 26-40537**

**EMERGENCY MOTION FOR STAY PENDING APPEAL**

Plaintiff/Appellant Jenna Ione Kaltved, appearing pro se, respectfully moves the Bankruptcy

Appellate Panel for an emergency stay of the June 11, 2026 Order granting Defendants' Motions

to Dismiss and denying Plaintiff's Motion for Stay and Motion for Reconsideration, pending

resolution of this appeal. In support of this motion, Plaintiff states as follows:

## I. PROCEDURAL BACKGROUND

On June 11, 2026, at 9:10 a.m., Plaintiff filed a written Motion for Stay of Proceedings in this

adversary proceeding because the United States Court of Appeals for the Eighth Circuit (Case

No. 26-2060) is already reviewing the same res judicata and claim preclusion issues that

Defendants are raising here. Plaintiff also made an oral request for a stay of proceedings during

the hearing that same day.

Later that day, the Bankruptcy Court granted Defendants' Motions to Dismiss in full, denied

Plaintiff's Motion for Reconsideration of Preliminary Injunction Denial, and denied Plaintiff's

Motion for Stay of Proceedings. A copy of the Court's June 11, 2026 Order is attached as

Exhibit A.

On June 12, 2026, Plaintiff filed a Motion for Stay Pending Appeal with the Bankruptcy Court

pursuant to Fed. R. Bankr. P. 8007. That motion is pending and has not yet been ruled on. The

stay of the writ of recovery of premises in the related state-court eviction action (Anoka County

Case No. 02-CV-26-1047) expires today, June 12, 2026. Plaintiff and her minor child face

imminent removal from their home.

No court has ever reached the merits of whether the July 1, 2025 foreclosure sale was lawfully

conducted in compliance with Minnesota Statutes Chapter 580, including proper recording of

assignments and proof of authority to foreclose.

## II. ARGUMENT

### A. Plaintiff Has a Strong Likelihood of Success on the Merits

The Bankruptcy Court's application of res judicata rests on an overly broad reading of the 2024

state court judgment. The July 25, 2024 hearing transcript from Anoka County District Court

Case No. 02-CV-24-1270 (already part of the record in this proceeding) shows that defense

counsel repeatedly and expressly limited that case to a single narrow issue: whether Plaintiff's

debt-validation letters created a binding implied contract.

Defense counsel stated on the record that Plaintiff's "entire claim" was "derivative of this

overarching theme that there is a binding contract between AmeriHome and Ms. Kaltved." The

state court never adjudicated lien validity, chain-of-title defects (including the 22-month gap in

the MERS assignments), proof of authority to foreclose under Minn. Stat. § 580.02, or whether any Defendant holds an enforceable interest under 11 U.S.C. §§ 506 or 544.

No court has ever reached the merits of whether the July 1, 2025 foreclosure complied with Minnesota law. This creates a clear judicial estoppel problem. Defendants should not be permitted to expand the preclusive effect of the 2024 judgment beyond what their own counsel represented to the court. Plaintiff has a strong likelihood of success on appeal on this dispositive issue.

**B. Plaintiff Will Suffer Irreparable Harm Absent a Stay**

Plaintiff faces imminent eviction from her home today, June 12, 2026. The stay of the writ of recovery of premises in the related state-court eviction action (Anoka County Case No. 02-CV-26-1047) expires today. Plaintiff and her minor child will be removed from their only residence if a stay is not granted immediately.

The loss of one's home — especially the family home where a parent and minor child reside — constitutes irreparable harm that cannot be adequately compensated by money damages. Plaintiff has exhausted her remedies in the Bankruptcy Court and has no other immediate avenue for relief. Without emergency intervention from this Panel, Plaintiff's appeal will be rendered moot before it can be heard.

**C. The Balance of Equities and Public Interest Favor a Stay**

The harm to Plaintiff and her minor child from the permanent loss of their home far outweighs any harm to Defendants from a brief stay pending appeal. Defendants will suffer no meaningful prejudice from a short pause while this appeal proceeds.

The public has a strong interest in ensuring that foreclosures are conducted in strict compliance with Minnesota Statutes Chapter 580 and that litigants are not permanently deprived of their homes based on an overly broad application of res judicata when no court has ever reached the merits of whether the foreclosure was lawfully conducted. Allowing the eviction to proceed today would effectively deny Plaintiff any meaningful appellate review.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Panel enter an **emergency order immediately staying the writ of recovery of premises** and preventing Plaintiff's eviction from her home on June 12, 2026, pending resolution of this appeal. In the alternative, Plaintiff requests that this Panel expedite consideration of this Motion and enter a stay of the Bankruptcy Court's June 11, 2026 Order pending resolution of the appeal to prevent Plaintiff and her minor child from being removed from their home before any appellate review can occur.

Plaintiff further requests such other and further relief as the Panel deems just and proper.

Dated: June 12, 2026

Respectfully submitted,

Jenna Ione Kaltved, Plaintiff/Appellant, Pro Se

15581 Iodine Street NW
Ramsey, MN 55303
(612) 987-7104   jennaione@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2026, I caused a true and correct copy of the foregoing **Emergency Motion for Stay Pending Appeal** to be served on all parties of record via the Court's CM/ECF system as follows:

**Counsel for Servicemac LLC, AmeriHome Mortgage Company, LLC, Fannie Mae, and Mortgage Electronic Registration Systems, Inc.:**
M. Annie Santos, Esq. Hinshaw & Culbertson LLP
asantos@hinshawlaw.com

**Counsel for Onward Financing, LLC:**
Shaun Redford, Esq. Redford Law
shaun@redfordlaw.com

**Counsel for Cenlar FSB:**
Natalia Kruse, Esq. Husch Blackwell LLP
natalia.kruse@huschblackwell.com

I further certify that a copy was served on the Office of the United States Trustee via CM/ECF.

Date: June 12, 2026

Jenna Ione Kaltved

UNITED STATES BANKRUPTCY

APPELLATE PANEL

FOR THE EIGHTH CIRCUIT

In re: JENNA IONE KALTVED, Debtor.

JENNA IONE KALTVED, Plaintiff/Appellant,

v.

SERVICEMAC LLC, et al., Defendants/Appellees.

**Adv. No. 26-04027 Bky. No. 26-40537**

**DECLARATION OF JENNA IONE KALTVED IN SUPPORT OF EMERGENCY MOTION FOR STAY PENDING APPEAL**

I, Jenna Ione Kaltved, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. I am the Plaintiff/Appellant in the above-captioned adversary proceeding. I am appearing pro se.

2. On June 11, 2026, this Court entered an Order granting Defendants' Motions to Dismiss in full, denying my Motion for Reconsideration, and denying my Motion for Stay of Proceedings. A true and correct copy of that Order is attached as **Exhibit A**.

3. On June 12, 2026, I filed a Motion for Stay Pending Appeal with the Bankruptcy Court. That motion remains pending and has not yet been ruled upon.

4. The stay of the writ of recovery of premises in the related state-court eviction action (Anoka County Case No. 02-CV-26-1047) expires today, June 12, 2026. If no stay is granted, I and my minor child will be removed from our home.

5. I have a pending appeal in the United States Court of Appeals for the Eighth Circuit,

   Case No. 26-2060, which challenges the District Court's application of res judicata based

   on the July 25, 2024 Anoka County proceeding. That appeal is active and has been

   assigned a briefing schedule.

6. No court has ever reached the merits of whether the July 1, 2025 foreclosure sale

   complied with Minnesota Statutes Chapter 580.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 12, 2026, in Ramsey, Minnesota.

**Jenna Ione Kaltved** Plaintiff/Appellant, Pro Se
15581 Iodine Street NW
Ramsey, MN 55303
(612) 987-7104
jennaione@gmail.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

| | |
|---|---|
| Jenna Ione Kaltved, | Chapter 13 |
| Debtor. | Case No. 26-40537 |

Jenna Ione Kaltved,

Plaintiff

vs.

ServiceMac LLC,                                                    Adv. No. 26-04027
AmeriHome Mortgage Company, LLC,
Onward Financing LLC,
Federal National Mortgage Association,
Mortgage Electronic Registration Systems, Inc.,
and Cenlar FSB,

Defendants.

## ORDER

This proceeding came before the court on June 11, 2026, for hearing on a Motion to Dismiss Adversary Proceeding filed by Defendants ServiceMac LLC, AmeriHome Mortgage Company, LLC, Federal National Mortgage Association, and Mortgage Electronic Registration Systems, Inc. [Doc 12], a Motion to Dismiss Adversary Proceeding filed by Defendant Onward Financing LLC [Doc 37] and a Motion to Compel Rule 26(f) Conference filed by the Plaintiff [Doc 16]. With the consent of the parties, the court also conducted a hearing on an "Emergency Motion for Reconsideration" [Doc 51] and a "Request for Stay of Proceedings" [Doc 54], both filed by the Plaintiff. Finally, with the consent of the Plaintiff and Defendants, including the Movant, Cenlar FSB, the court held a hearing on a Motion to Dismiss Adversary Proceeding filed by Defendant Cenlar FSB [Doc 45] which was scheduled for hearing at a later date. Responsive pleadings were filed by the Plaintiff and Defendants as noted on the docket. Appearances are noted on the record.

Based on the written and oral record, including the arguments and statements of the

Plaintiff and counsel for the Defendants made during the hearing, and for the reasons stated on the record during the hearing,

IT IS ORDERED:

1. The Motion to Dismiss filed by ServiceMac LLC, AmeriHome Mortgage Company, LLC, Federal National Mortgage Association, and Mortgage Electronic Registration Systems, Inc. [Doc 12] is granted.

2. The Motion to Dismiss filed by Onward Financing, LLC [Doc 37] is granted.

3. The Motion to Dismiss filed by Cenlar FSB [Doc 45] is granted.

4. The Motion to Compel Rule 26(f) Conference filed by the Plaintiff [Doc 16] is denied.

5. The Emergency Motion for Reconsideration filed by the Plaintiff [Doc 51] is denied.

6. The Request for Stay of Proceedings filed by the Plaintiff [Doc 54] is denied.

BY THE COURT:

Dated:  June 11, 2026

_s/ Katherine A. Constantine_
Katherine A. Constantine
United States Bankruptcy Judge